Taylor *v.* Judd.

————•◆•————

## CHARLES TAYLOR *vs.* HENRY C. JUDD AND OTHERS.

A complaint and summons, in a summary process for obtaining possession of leased premises, were dated one day before the right of action accrued, but were in fact issued and served on the day following. The fact that the right of action accrued one day after the date appeared on the face of the complaint. The defendant went to trial without making any objection on this ground, and judgment was rendered against him and he was ejected from the premises on the execution. In trespass brought by him against the justice who issued and the officer who served the execution, it was held—

1. That the suit under the summary process was commenced at the time of the service.
2. That the proceeding was only defective, and not void.
3. That the judgment was therefore a protection for the acts of the defendants under it.
4. That if the objection had been taken in season, the complaint and summons could have been amended by inserting the correct date, which could have been shown by parol evidence.

TRESPASS *qu. cl. fr.*, and for an assault, and taking of goods; brought to the Superior Court in Fairfield County. The defendants pleaded the general issue, with notice that they should defend under a judgment rendered in a summary proceeding to recover possession of leased premises, one of the defendants as the magistrate who rendered the judgment and issued the execution upon it and the other defendants as the officer and his assistants who served the execution, and that the trespasses charged were the acts done under the execution in entering upon the premises in question and ejecting the plaintiff and removing his goods therefrom. The issue was closed to the court, and the case heard before *Carpenter, J.*

On the trial the defendants offered in evidence a certified copy of the record in the summary process. By the complaint it appeared that on the 14th day of November, 1868, notice was served upon the defendant in that suit under the statute to quit possession of the leased premises on the 15th day of December following, and that the complaint and summons were each dated December 15th, 1868. It appeared also by the record that the defendant in that suit pleaded only to the merits and that no exception was taken to the fact that the process was dated before the right of action accrued. The officer's return of service was dated December 16th, and showed the service to have been on that day.

The plaintiff objected to the admission of the record in evidence, as being void and no justification of the defendants, by reason of the irregularity appearing upon its face in respect to the date of the process. The defendants thereupon offered parol evidence to prove, and did prove, that the complaint and summons were in fact signed and issued on the 16th day of December, 1868, and were by mistake dated the 15th. To the admission of this evidence the plaintiff objected, but the court admitted it, and admitted the record also.

The court having rendered judgment for the defendants, the plaintiff moved for a new trial for error in the rulings of the court.

*Taylor*, in support of the motion.

*Brewster*, with whom was *Averill*, contra.

PARK, C. J. This case requires little consideration. It appears that the original complaint and summons in the summary process were dated, by mistake, the fifteenth day of December, when in fact they were signed, issued and served on the sixteenth of that month, at which time they should have been dated. It further appears that on the return day of the process the plaintiff in the present suit appeared and

proceeded to trial upon the merits of the case, without making any objection to the date of the complaint and summons.

It is of course now too late for him to take advantage of the defect, after having voluntarily taken the chances of a judgment in his favor upon the merits of the case, unless the defect is sufficient to render the proceedings absolutely void. This the plaintiff admits, for he has sued the defendants in an action of trespass for serving the execution which issued upon the judgment rendered against him in that proceeding. If the judgment was not void, it is clear that it would protect the officer in serving the execution based upon it. Was then the proceeding void ? This is the only question we have to consider.

All suits take effect from the date of their service upon the defendant. This has been held by this court in numerous decisions. Now the summons in the summary proceeding was served on the sixteenth day of December. The suit therefore commenced on that day, and whether the complaint and summons were dated the day preceding, or not, is of but little importance, provided they were issued on the day they were served. Surely the fact in regard to the time when they were issued could have been proved by parol, if the plaintiff had made objection to the complaint on the ground of its date on the trial before the justice. And it is equally clear that the mistake, if then brought to the notice of the court, could have been at once corrected by amendment, and the defect cured. If this could have been done, then manifestly the proceeding was not absolutely void.

The case of *Olmsted* v. *Hoyt*, 4 Day, 436, is similar in principle to the case at bar. In that case there was a mistake in the date of the writ, and if it had been issued on the day it bore date two terms of the court would have intervened before the term to which the suit was brought. In an action of trover to recover the value of the goods sold on the execution which issued on the judgment rendered in the case, it was held that the judgment, though founded on such process, while it remained unreversed was not absolutely void, but that it was competent for the defendant to show by parol testimony

that the writ was issued on the day it was served, and that having been drawn for a previous term it was afterwards altered for the term to which the suit was finally brought, and in doing so the original date was retained by mistake.

This case seems to be decisive of the one under consideration.

A new trial is not advised.

In this opinion the other judges concurred ; except CARPENTER, J., who, having tried the case in the court below, did not sit.