ANASTASIA PIERZANOWSKI vs. SCZEPAN JEZEWSKI.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 3d, 1932—decided January 31st, 1933.

*Samuel Rosenthal* and *Louis E. Nassau,* for the appellant (defendant).

*M. F. Stempien,* for the appellee (plaintiff).

PER CURIAM. This is a bastardy action in which judgment was given for the plaintiff and the defendant has appealed. The finding of facts as made is ample to sustain the judgment and no correction can be made in it which would be of avail to the defendant. Bastardy proceedings are civil and not criminal in their nature, and the general rules respecting civil cases are applicable to them. *Hamden* v. *Collins*, 85 Conn. 327, 330, 82 Atl. 636. In an early opinion HOSMER, J., pointed out that the end of such proceedings is the redress of a civil injury, the purpose being to compel the father to pay certain expenses incident to the birth of the child, to secure his maintenance in aid of the mother, and to protect the town in its provision for the poor. *Hinman* v. *Taylor*, 2 Conn. 357, 362. The plaintiff at the time of the birth of the child was domiciled in New Britain and the fact that the child was begotten in Poland is not of consequence. The trial court has found that the plaintiff accused the defendant of being the father of the child to him and to her father and made the same accusation while she was in travail. We cannot say that the trial court was not justified in its conclusion that these facts disclosed continuity and constancy of accusation. "The important fact is the consistency of her declarations from first to last as to the paternity of her child." *Robbins* v. *Smith*, 47 Conn. 182, 189. The number of such accusations and the period of time they cover go merely to their weight as evidence.

There is no error.