AMELIA COPES *vs.* JOSEPH MALACARNE.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued March 6th—decided April 3d, 1934.

*William M. Harney,* for the appellant (defendant).

*Leonard O. Ryan,* for the appellee (plaintiff).

AVERY, J. Plaintiff, on August 18th, 1933, filed with a justice of the peace of the town of Haddam a complaint charging the defendant with being the father of a bastard child, born August 19th, 1930. The justice thereupon issued a warrant to a constable of the town

of Killingworth, directing the arrest and production of the defendant forthwith before the justice. Thereafter, the constable filed a return stating that after diligent search he had been unable to find the body of the defendant within his precincts, and that on that date he had left a true and attested copy of the complaint and warrant at the usual place of abode of the defendant in Killingworth. Thereafter, on September 5th, the defendant appeared with counsel before the justice, and the counsel filed a plea in abatement on the ground, among others, that personal service had not been made upon the defendant. The plea was overruled by the justice and the defendant was bound over to the Superior Court. In that court, the plea in abatement was renewed and overruled. Thereafter, trial was had and judgment entered in favor of the plaintiff.

Upon this appeal, the only question involved is the action of the trial court in overruling the defendant's plea in abatement on the ground stated, the claim being that the service made upon the defendant was not sufficient to institute a bastardy action as his body was not actually arrested, and the only way in which the process was served was by leaving it at his usual place of abode. In this State, bastardy proceedings are civil and not criminal in their nature, and the general rules respecting civil cases are applicable to them. *Pierzanowski* v. *Jezewski,* 116 Conn. 704, 705, 164 Atl. 207; *Hinman* v. *Taylor,* 2 Conn. 357, 360; *Naugatuck* v. *Smith,* 53 Conn. 523, 525, 3 Atl. 550; *Hamden* v. *Merwin,* 54 Conn. 418, 425, 8 Atl. 670; *Van Epps* v. *Redfield,* 68 Conn. 39, 47, 35 Atl. 809; *Hamden* v. *Collins,* 85 Conn. 327, 330, 82 Atl. 638. General Statutes, § 5469, provides: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declara-

tion or complaint, with the defendant, or at his usual place of abode, in this state." General Statutes, Chapter 304, relating to bastardy proceedings, §§ 5867 to 5876, while providing for the issuance of a warrant upon proper complaint and the arrest of the body of the defendant, makes no provision for serving the process upon him otherwise than as provided for in other civil actions under the General Statutes.

From 1672 to 1821, the statute concerning bastardy did not provide for the arrest of the defendant at the beginning of the prosecution but only that the court might adjudge him to be the father of the child, that he should with the mother stand charged with the maintenance of the child, that he should give security to perform the order and that the court might commit him to prison until he found surety; and the incident of the preliminary arrest of the defendant grew up as a matter of practice, incorporated into the statute to make it conform to that practice in 1821. Statutes of 1808, p. 99; Statutes of 1821, p. 91, note, p. 93. In *Naugatuck* v. *Smith*, 53 Conn. 523, 527, 3 Atl. 550, we said that a bastardy proceeding closely resembled "a civil suit in actions for tort, in which the body may be arrested and held to respond to the judgment. The arrest and detention of the body are for security and not to give jurisdiction." It follows that the suit was commenced August 18th, 1933, upon the day when the copy of the process was left at the usual place of abode of the defendant. *Sanford* v. *Dick*, 17 Conn. 213, 215; *Taylor* v. *Judd*, 41 Conn. 483, 485; *Embra* v. *Silliman*, 1 Root, 128. The plea in abatement was properly overruled.

There is no error.

In this opinion the other judges concurred.