The original process in this bastardy action was returnable to and heard by a justice of the peace for Middlesex County at his office in Middletown. The plaintiff is a resident of Middletown. Defendant pleaded not guilty. Probable cause was found and defendant was bound over to this *Page 267 
court. Defendant claims that the justice of the peace had no jurisdiction to hear and bind over to this court since the City of Middletown had a municipal court with exclusive jurisdiction in bastardy proceedings. Plaintiff claims that the justice of the peace has concurrent jurisdiction with the City Court.
There is no charter or special enactment granting to the City Court of Middletown exclusive jurisdiction in bastardy actions. Section 7550 of the General Statutes provides that each justice of the peace may hold court and shall have cognizance of all civil actions legally brought before him. Bastardy proceedings are civil actions. Copes v. Malacarne, 118 Conn. 304. The exclusive jurisdiction reserved to trial and alternate trial justices applies only in towns where there is no municipal court. General Statutes §§ 7566, 7567, 7568. If the General Assembly had intended to confer exclusive jurisdiction on the municipal courts in bastardy actions, it could have been so stated in § 7579. Indeed § 8178 provides that "in all towns in which there is a municipal court having civil jurisdiction, such court shall have the same authority that is or may be exercised by justices of the peace in such town." That a justice of the peace may have jurisdiction in civil actions in towns where there is a municipal court is also clearly recognized in § 7558 where it is provided that "In any civil action returnable before any justice of the peace, either party to the action may, previous to trial, make written motion that such action be removed to any town, borough or city court having civil jurisdiction in the town, city or borough where such action is returnable...."
The jurisdiction conferred on municipal courts by § 7579 over civil actions is concurrent with justices of the peace in cases which under the General Statutes might be brought before the latter. O'Keefe v. Atlantic Refining Co., 132 Conn. 613, 617. Where there is a municipal court it is available to either party by compliance with § 7558 relating to transfer.
 The motion is denied.