MARY A. PELAK *v.* STEPHEN KARPA

BALDWIN, KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 15—decided April 28, 1959

*Andrew F. Pulaski,* for the appellant (defendant).

*Charles G. Iosco,* for the appellee (plaintiff).

KING, J. The answer of the defendant admitted the allegations of the complaint, but in a special defense, the factual allegations of which were admitted in the reply, he claimed that as matter of law the court should have dismissed the complaint for lack of jurisdiction. The determination of this claim is dispositive of the assignments of error in this appeal. Since there has been no intervening amendatory legislation affecting this case, for convenience all references to statutes, unless otherwise stated, will be to the Revision of 1958.

The plaintiff and her illegitimate child are, and continuously have been, residents of, and domiciled in, New Jersey. The defendant is, and continuously

has been, domiciled in, and a resident of, the town of Meriden in New Haven County, Connecticut. His basic claim is that our bastardy procedure is inapplicable, and our courts have no jurisdiction of a bastardy action, where both the mother and her child are nonresidents. The statute (§ 52-435) provides that the complaint may be made by "[a]ny woman pregnant with or who has been delivered of a child out of lawful wedlock." It contains no express requirement that mother or child be a resident of this state.

It is settled law that our bastardy procedure (c. 911), while permitting the arrest of the body of the defendant for purposes of security, is fundamentally a civil action, to which the general rules governing civil actions are applicable. *Hinman* v. *Taylor,* 2 Conn. 357, 360; *Copes* v. *Malacarne,* 118 Conn. 304, 305, 172 A. 89.

Connecticut did not accept the common-law rule that a bastard was nullius filius. On the contrary, he was here recognized as the child of his mother, with all the rights and duties of a child, including the rights of support and inheritance. *Dickinson's Appeal,* 42 Conn. 491, 503. The primary purpose of our bastardy procedure is to provide the mother with assistance in carrying out her obligation of supporting the child, and consequently the action is maintainable by her. *Hinman* v. *Taylor,* supra, 362. The statute, in somewhat different language, was in effect at least as far back as 1672, and in 1784 the General Assembly enacted the forerunner of § 52-440, which authorizes the town or the state, if financially interested in the support of the child, to institute a bastardy action in case the mother herself failed so to do or failed to prosecute one to effect. Rev. 1821, p. 93, § 3 n. It is thus clear that saving

the public from the burden of supporting an illegitimate child, while an important purpose, is not the primary purpose, of the bastardy procedure. *State* v. *Tetreault,* 97 N.H. 260, 262, 85 A.2d 386.

A nonresident wife and mother may maintain in our courts an equitable action for the support of herself and her legitimate child against a husband and father resident in Connecticut, or even against a nonresident father to the extent that he has assets in Connecticut. *Artman* v. *Artman,* 111 Conn. 124, 126, 149 A. 246; *Santangelo* v. *Santangelo,* 137 Conn. 404, 408, 78 A.2d 245. Obviously, this rule seldom, if ever, would be needed to protect the public in Connecticut from any burden of support. The same considerations apply to the present proceeding to enforce the statutory obligation of this resident defendant father to support his child. Were this statutory obligation not enforceable in our courts against a resident defendant father, regardless of the residence of the mother and child, this state would become a refuge for fathers seeking to avoid assisting in the support of their illegitimate children. *Yuin* v. *Hilton,* 165 Ohio St. 164, 168, 134 N.E.2d 719. That such a statutory obligation is enforceable against a resident defendant father is probably the majority rule in other jurisdictions where, as in Connecticut, there is no express provision in the statute restricting its benefits to residents or limiting its applicability to actions by the town or state obligated to support the child in the event the mother fails so to do. Restatement, Conflict of Laws § 455; 2 Beale, Conflict of Laws § 454.1, p. 1431; 7 Am. Jur. 683, § 85. The cases on this point are collected in an annotation in 57 A.L.R.2d 689.

Under our procedure, the defendant is accorded a preliminary hearing. If probable cause is found, he

is bound over under bond to await trial. If probable cause is not found, and the plaintiff appeals, the defendant is also placed under bond. In either case, the statute (§ 52-435) provides that the binding over or appeal should be to the "next court of common pleas for the county in which the complainant dwells." The defendant claims that by implication this restricts the maintenance of a bastardy action by a mother to one who is a resident of Connecticut and also that in any event the Court of Common Pleas for New Haven County had no jurisdiction of the present action since admittedly the plaintiff did not dwell in that county. On the contrary, the provision in question clearly establishes venue rather than jurisdiction of the subject matter. *Fine* v. *Wencke,* 117 Conn. 683, 684, 169 A. 58; *Artman* v. *Artman,* supra, 128. Where the complainant resides in Connecticut, the provision does require that trial be had in the Court of Common Pleas in the county where the plaintiff resides. But if, as was the case here, the complainant does not reside in Connecticut, then the statute (§ 52-42) establishing venue for civil actions in general becomes applicable. Under this statute, since the father was a resident of Meriden, the binding over after the finding of probable cause was properly to the Court of Common Pleas "in the county . . . where the . . . defendant dwells," which was New Haven County. See *Artman* v. *Artman,* supra.

There is no error.

In this opinion the other judges concurred.