### MARION H. STROMAN *v.* ULYSSE GILBERT

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-6211-1672

Argued June 10—decided July 23, 1963

*Philip M. Finkelstein,* of Hartford, for the appellant (plaintiff).

*Leonard E. Wladimar,* of Hartford, for the appellee (defendant).

KINMONTH, J. This is a bastardy proceeding, brought under § 52-435 of the General Statutes, wherein the only issue before the trial court was that of probable cause. The court found for the defendant, and the plaintiff has appealed.

Our first consideration is whether the plaintiff has a right to appeal from an adverse finding on a hearing in probable cause. In criminal cases, it is well established that a hearing in probable cause is not a trial and the judgment is not a final one from which an appeal may be taken. *State* v. *Wilson,* 22 Conn. Sup. 345, and cases cited. It has long been the settled law of the state that our statutory bastardy proceedings are civil and not criminal in their nature and that the general rules respecting civil cases are applicable to them. *Pelak* v. *Karpa,* 146 Conn. 370, 372; *Hamden* v. *Collins,* 85 Conn. 327, 330. The Circuit Court, at the time of the present hearing, had no final jurisdiction in bastardy cases; the sole issue before it was the finding of probable cause or lack of it. See *Notargiovanni* v. *Martucci,* 105 Conn. 386, 390. In this respect, bastardy proceedings resembled our criminal proceedings on a hearing in probable cause.

Generally, there is no right to obtain appellate review of bastardy proceedings except as such a right has been granted by some applicable statutory provision. Our statute, § 52-435, gives this right as follows: "If the court fails to find probable cause,

such finding shall be a bar to any further proceeding for the same cause of action, provided the complainant shall be allowed to appeal as provided in section 51-265." (Prior to 1961 the complainant was allowed to appeal to the Court of Common Pleas, that being the court to which the defendant would have been bound over had probable cause been found. Presumably the case would then have been tried on its merits, because of the final jurisdiction of the Court of Common Pleas in bastardy proceedings.) Both the prior statute and the statute governing the present case had the following provision: "If the court finds probable cause, or in the event of the court failing to find probable cause and the plaintiff appealing . . . , it shall order such accused person to become bound to the complainant with surety to appear before the next court of common pleas . . . ." This would thus appear to be inconsistent with the present right to appeal to the Appellate Division of the Circuit Court, but the question may be academic by the time this opinion is published, since the recent legislature passed a bill giving final jurisdiction in bastardy proceedings to the Circuit Court. Public Acts 1963, No. 602, § 1. The legislative intent is clear that the appeal shall be taken to the Appellate Division of the Circuit Court.

Section 51-265 states: "Appeals from any final judgment or action of the circuit court . . . shall be taken to an appellate session of such court within fourteen days after the entry of judgment or of the findings of fact and conclusions of law, whichever is later, and shall be by way of review of errors of law." Section 52-435 gives only the complainant (plaintiff) the right to appeal, and if she does not appeal she is forever barred. Thus the judgment, finding, or action of the trial court becomes final as to the plaintiff. It seems to us immaterial in the instant case whether we determine that the trial

court's finding is final, since § 52-435 grants the right of appeal to the complainant upon the court's failure to find probable cause. The legislature's intent was to give the complainant the right to appeal from the decision of the judge, for in such a case as this the court could not render a final decision upon the merits of the action. See *H. O. Canfield Co.* v. *United Construction Workers,* 134 Conn. 358, 362. We therefore hold that the appeal is properly before us.

The plaintiff assigns error in the court's failure to correct the finding and in the conclusions reached.

The findings, with such corrections as we deem proper, are as follows: The plaintiff, a resident of Hartford, is a single woman. Prior to April, 1960, she had engaged in sexual intercourse with the defendant and one Schley. During the months of April, May, and June, she had intercourse only with the defendant. In June and September of 1960, the plaintiff accused the defendant of being the father of her child, which the defendant denied. On March 13, 1961, the plaintiff gave birth to a child. By certificate dated June 27, 1962, Dr. Philip R. Partington, on the basis of medical records but not a personal examination, rendered an opinion that the plaintiff was delivered of a child.

The trial court concluded that probable cause could not be found and that there was no certificate of a physician based upon personal knowledge. As to the latter finding, § 52-435 reads: ". . . upon filing with a commissioner of the superior court the certificate of a reputable physician, certifying that after personal examination of the person of the complainant such physician believes that the complainant is pregnant or has been delivered of child . . . ." The certificate filed in this case did not comply with the statute. By various changes in the bastardy

law, the legislature has shown an intent to relax the requirement concerning the certificate so that it would no longer be an absolute prerequisite to official action by a commissioner of the superior court. *Brown* v. *Cato,* 147 Conn. 418, 421. The legislature left no doubt of its intention by the 1959 amendment of § 52-435 which provides that "[n]o action or proceeding shall abate because of any failure of the physician's certificate to comply with the provisions of this section, but the court before whom any such action or proceeding is pending *shall,* upon finding noncompliance with any of said provisions, order prompt filing of a proper certificate." Public Acts 1959, No. 639, § 3 (italics supplied). The trial court, upon finding that a proper certificate had not been filed, should have ordered the filing of a proper certificate in compliance with the statute. Upon this ground alone the case should be remanded for compliance with the law.

The court found that the plaintiff during May and June of 1960 had intercourse only with the defendant. On this finding alone the conclusion of lack of probable cause is not warranted, since there was no evidence of a premature birth or a prolonged pregnancy. A hearing in probable cause is not a trial but merely an inquest. *State* v. *Fox,* 83 Conn. 286, 295. "Under the modern practice in this country, the rule is that it is a sufficient reason for holding the accused to answer that the evidence adduced on the preliminary examination shows that an offense has been committed, and that there is probable cause to believe accused to be guilty thereof, or, as similarly stated, that it appears from such evidence that the offense has been committed, and that there is sufficient cause to believe that accused is guilty of that offense. . . . [T]he facts . . . must induce a reasonable probability that the offense charged [has been committed]. . . . Slight evidence has been

held sufficient for the purpose and it is not necessary that the evidence should be of such a nature as would be necessary to convict accused on his final trial." 22 C.J.S. 887, Criminal Law, § 345. Reasonable or probable cause is established by proof sufficient to cause a person of ordinary caution or prudence conscientiously to entertain a reasonable suspicion that the accused person has probably or likely committed the offense charged. Probable cause is not equivalent to the phrase "beyond a reasonable doubt." *Goodhart* v. *State,* 84 Conn. 60, 81; see also *Mosher* v. *Bennett,* 108 Conn. 671; *Benton* v. *Starr,* 58 Conn. 285.

The assignments of error are, in substance, that the facts found do not support the conclusion of the trial court. They are well taken. The plaintiff is, entitled as a matter of law to have entered a finding of probable cause. *State ex rel. Heimov* v. *Thompson,* 131 Conn. 8, 14.

There is error, the judgment is set aside and the case is remanded with direction to order a proper physician's certificate to be filed and upon its filing to find probable cause and bind the matter over to the proper court.

In this opinion KOSICKI and DEARINGTON, Js., concurred.