### Shelly Waters *v.* John Greer

Appellate Division of the Circuit Court

File No. CV 6-613-1446

Argued March 16—decided April 17, 1964

*Nathan Hamilton,* of New Haven, for the appellant (plaintiff).

*Richard J. Parrett,* of New Haven, for the appellee (defendant).

Jacobs, J.   The plaintiff, a sixteen-year-old unmarried female, filed in the Circuit Court a complaint charging the defendant with being the father of a bastard child born to her on February 28,

1961. Under our procedure, the defendant is accorded a preliminary hearing in the Circuit Court (General Statutes § 52-435, as amended by Public Acts 1959, Nos. 28 § 128, 639 § 3; see *Pelak* v. *Karpa,* 146 Conn. 370, 373) in order to determine whether "the prosecution appears to be wholly groundless, and without any color of probability." 1 Swift, Digest (Rev. 1874) p. 44. The sole issue at such a preliminary hearing is the finding of probable cause or the lack of it. *Naugatuck* v. *Smith,* 53 Conn. 523, 525; *Notargiovanni* v. *Martucci,* 105 Conn. 386, 390. The preliminary hearing provided for by statute is for the protection and benefit of the defendant; it is a right, however, which he may waive. See 10 C.J.S., Bastards, § 66.

The findings, briefly stated, develop these facts: The plaintiff became acquainted with the defendant early in May, 1960. Their first "date" took place in about the middle of that month. A number of "dates" followed. On two or three occasions they were alone together. The court found that "[o]pportunity existed for the plaintiff and the defendant to engage in sexual intercourse." Upon noticing that her daughter was becoming "stout," the plaintiff's mother took her to see Dr. Timpson, whose office was located on Dixwell Avenue in New Haven, and it was then ascertained that the complainant was pregnant. The defendant was told of the pregnancy during the first week of November, 1960. He disavowed ever having had sexual relations with the plaintiff. The finding does not show intimate relations by the plaintiff with any other man, or even that she had any special friendship with any other man during this period. When the defendant learned that the plaintiff was pregnant, he discussed the situation with her and her mother. These conversations concerned the pregnancy and the consequences thereof. The plaintiff swore that

she had timely intercourse with the defendant and that she had none with anyone else during the critical period. The time and the opportunity for the commission of sexual relations between the parties were shown to have existed. Upon these facts, the court concluded that "[p]robable cause that the defendant . . . is the father of the female child born to the plaintiff . . . on February 28, 1961, is not found."

From our view of the entire record, the facts as found, together with others which need not be recited here, sufficiently constitute the existence of probable cause to support the complaint. "Whether particular facts constitute probable cause is always a question of law, and the conclusion of the trier is one of law that may be reviewed on appeal." *Paranto* v. *Ball,* 132 Conn. 568, 571; see *Stroman* v. *Gilbert,* 2 Conn. Cir. Ct. 179, 180, and cases cited. We approve of and adhere to the *Stroman* case.

The defendant has made a broad assault upon the constitutionality of certain provisions of our bastardy statutes, and the court, in a lengthy supplemental memorandum of decision, seriously doubted that the arrest (§ 52-435) and the enforcement (§ 52-442) provisions of those statutes conform with constitutional precepts.[1] But the court did not decide this case on constitutional grounds; it merely found the lack of probable cause. The other members of the appellate panel are of the opinion that, since we only remand this case with direction to

---

[1] By Public Acts 1963, No. 602, § 1, amending § 52-435, a commissioner of the Superior Court is no longer empowered to issue a warrant of arrest in bastardy proceedings. Only the Circuit Court is authorized under the amendatory legislation to "issue a warrant and cause . . . [the accused] person to be brought before it. . . . If the court finds probable cause, it shall order such accused person to become bound to the complainant with surety to appear before such court on a day designated by such court, and abide the order of such court, and, on his failure to do so, shall commit him to jail."

enter a finding of probable cause, it is unnecessary for us at this juncture in the proceedings to consider or decide the constitutional questions raised and discussed. My own view is that we are warranted in going one step further. Solemn rights have been adjudicated under the bastardy statutes, and substantial pecuniary interests have been fixed or established. It seems to me that "it is not the part of responsible judicial administration for an . . . [intermediate appellate] court such as ours, whatever our personal opinions, to initiate a new and uncharted course of overturn of . . . [this ancient] statute" (Roth v. United States, 237 F.2d 796, 797), which, "in somewhat different language, was in effect at least as far back as 1672" (Pelak v. Karpa, supra, 372) and has become so deeply imbedded in our law. Our reports are replete with cases which have been instituted and decided in one form or another under the bastardy statutes; and, as Judge Learned Hand, in dealing with the claim of the unconstitutionality of the federal obscenity statute, under which "many indictments have . . . been found, and many persons tried and convicted," pointed out, "if the question is to be reopened [our] Supreme Court must open it."[2] United States v. Rebhuhn, 109 F.2d 512, 514. "[I]t is better . . . to leave the decision [in such a case as this] to our higher courts, to which the matter may be brought by appeal or otherwise." State v. Muolo, 119 Conn. 323, 326.

There is error; the case is remanded with direction to enter a finding of probable cause and to bind the defendant over to the appropriate court.

In this opinion PRUYN and DEARINGTON, Js., concurred.

---

[2] For a long list of cases decided under various provisions of the bastardy statutes, see 1 Phillips, Conn. Digest, Bastardy, pp. 276-278 & Cum. Sup.; 4 West's Conn. Digest, Bastards §§ 1-105 & Cum. Sup.