JESSIE B. FULMORE *v.* CALVIN DEVEAUX

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-657-22109

Argued February 7—decided March 4, 1966

*Leslye S. Stallworth,* of Stamford, for the appellant (defendant).

*Howard C. Kaplan,* of Stamford, for the appellee (plaintiff).

JACOBS, J. In 1965, the Connecticut legislature adopted an act entitled "An Act concerning Paternity Proceedings." Public Acts 1965, No. 406, effective July 1, 1965; see General Statutes, c. 911. By the provisions of this act, the legislature provided a new procedural method for establishing the filiation of an illegitimate child. The most noteworthy changes in the law were the elimination of the quasi-criminal features of arrest and preliminary examination (see repealed § 52-435), often criticized as unduly harsh, and their replacement by a modified version of the Uniform Act on Paternity.[1] Under our 1965 act, trial by jury limited to the issue of

---

[1] The commissioners' prefatory note to the Uniform Act on Paternity makes it quite clear that the act was drafted "to establish a simple and effective civil action in a court of record to replace the antiquated 'bastardy' proceeding with its preliminary examination and other quasi-criminal features."

paternity is still preserved,[2] and the enforcement provisions remain intact.[3] Only the method of the commencement of the proceedings has come in for radical legislative change. General Statutes § 52-435a.[4]

The record in the case before us discloses that on July 22, 1965, the plaintiff, a married woman who had lived apart from her husband since 1962, instituted proceedings by verified petition in the Circuit Court to establish the paternity of a female child born to her on April 19, 1963, praying for "judgment in accordance with the statutes in such cases made and provided." Upon the filing of the verified petition, the court made an order and issued a summons directing and requiring the defendant to appear in the Circuit Court, at Stamford, on August 24, 1965, at 10 a.m., to show cause, if any he had, why the prayer contained in the petition should not be granted.[5] The officer's return

---

[2] Section 52-438 of the General Statutes, which provides for trial by jury on the question of the guilt or innocence of the defendant, remains unchanged. See *Ferguson* v. *Smazer,* 151 Conn. 226, 227 n.1; note, 94 A.L.R.2d 1128.

[3] Public Acts 1965, No. 406, § 8, specifies the statutes which have been repealed; apparently § 52-442 (enforcement provisions) is still in full force and effect. See General Statutes, c. 911.

[4] "Sec. 52-435a. PETITION BY MOTHER. CONTINUANCE OF CASE. EVIDENCE. Proceedings to establish paternity of a child born out of lawful wedlock, including one born to a married woman but begotten by a man other than her husband, shall be instituted by a verified petition of the mother, with summons and order, filed in the circuit court for the circuit in which either she or the putative father resides. Upon the filing of such petition, such court or any judge assigned to said court shall cause a summons, signed by him or by the clerk or assistant clerk of said court, to be issued, requiring the putative father to appear in court at a time and place named therein to show cause, if any he has, why the prayer of said petition should not be granted. . . ."

[5] The verified petition, summons and order are substantially in the form approved by the judges of the Circuit Court on June 25, 1965. See 27 Conn. L.J., No. 1, p. 9 (July 6, 1965); Practice Book, p. 32 (Sup. 1966).

shows that, in obedience to the order of the court, personal service of the petition, order and summons was made on the defendant on July 26, 1965. The defendant appeared in the Circuit Court at the time and place named in the show-cause order. The defendant pleaded "not guilty" to the charges alleged in the petition. After a hearing on the merits, the court found the defendant guilty as charged and adjudged him the father of the child and entered an order of support together with provision for reimbursement for lying-in expenses, accrued maintenance and reasonable expense of prosecution of the petition; and the court further ordered that the "defendant become bound with sufficient surety in the sum of $1,000. to secure performance of [these] orders." See General Statutes § 52-442.

The sole question we need to consider on this appeal from the judgment is clear cut and uncomplicated. The claim is made that the court committed reversible error "[i]n failing to advise [the] defendant of his constitutional rights, particularly such rights as being represented by counsel,[6] his right to a jury trial and his right to a continuance[7] so that he might properly prepare any available defense that he might have."

For nearly 150 years prior to the adoption of the 1965 act, our courts have consistently held that "[t]he prosecution [of a bastardy action] is treated in all respects like a civil suit." 1 Swift, Digest, p. 45 (1822), citing *Hinman* v. *Taylor*, 2 Conn. 357 (1817)

---

[6] The transcript does not support this claim: "The court: Do you have an attorney? Mr. Deveaux: No. The court: You don't have an attorney? They're ready to go forward. You had ample opportunity to secure the services of an attorney; why didn't you? Mr. Deveaux: What am I going to use for money?"

[7] We fail to find in the transcript of the evidence any suggestion that the defendant either asked for or was denied an opportunity to obtain counsel, nor is there any indication in the record that the defendant either asked for or was denied a continuance of the case.

(see p. 360); see *Pelak* v. *Karpa,* 146 Conn. 370, 372; *Ferguson* v. *Smazer,* 151 Conn. 226, 227 n.1. "In jurisdictions where the purpose of a filiation proceeding is simply to compel the putative father to support his child, it is almost uniformly held to be a civil proceeding, by nature, and governed by the rules of procedure applicable to civil actions." 10 Am. Jur. 2d 901, Bastards, § 75; 10 C.J.S., Bastards, § 32 (a). The purpose of the 1965 act was "to convert bastardy proceedings to a wholly civil action in the form of a rule to show cause." S.B. 105, 1965 Sess. (statement of purpose); 11 S. Proc., 1965 Sess., pt. 6, p. 2237. Thus the act, save perhaps for the enforcement provisions, which remain unchanged, is decidedly more favorable to the putative father than has hitherto been the case. We hold that since No. 406 of the 1965 Public Acts is civil in nature, the court was not required, as it is in criminal cases, to advise the defendant of his basic constitutional rights.

The defendant's claim of error in the denial of the motion for a new trial has not been briefed; accordingly, it must be considered as having been abandoned. See *Leo Foundation* v. *Cabelus,* 151 Conn. 655, 656.

There is no error.

In this opinion KOSICKI and DEARINGTON, Js., concurred.