MARIE A. UNDERHILL *v.* JAMES BENNETT

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 3-667-5540

Argued March 13—decided April 7, 1967

*Paul V. McNamara,* of Bridgeport, for the appellant (defendant).

*Harry Cohen,* of New Milford, for the appellee (plaintiff).

JACOBS, J. This is a paternity action brought under § 52-435a of chapter 911 of the General Statutes, entitled "Paternity Proceedings." The verified petition, summons and order are in the form approved by the judges of the Circuit Court on June 25, 1965, to take effect on July 1, 1965, pursu-

ant to § 52-435a. See Practice Book, Form 810. After a hearing on the merits, the court found in favor of the plaintiff, adjudged the defendant the father of the child born to the plaintiff on July 12, 1966, and entered an order of support together with provision for lying-in expenses and the reasonable expense of prosecution of the petition; and the court further ordered that the "defendant become bound with sufficient surety in the sum of $1,000. to secure performance of [these] orders."

The sole question we need to consider on this appeal from the judgment is whether in proceedings to establish paternity a claim that the trial court erred in concluding upon all the evidence that the defendant is the father of the child is a proper assignment of error reviewable on appeal. We hold that it is not.

In *Fulmore* v. *Deveaux,* 3 Conn. Cir. Ct. 553, 555, we said: "For nearly 150 years prior to the adoption of the 1965 act, our courts have consistently held that '[t]he prosecution [of a bastardy action] is treated in all respects like a civil suit.' 1 Swift, Digest, p. 45 (1822), citing *Hinman* v. *Taylor,* 2 Conn. 357 (1817) (see p. 360); see *Pelak* v. *Karpa,* 146 Conn. 370, 372; *Ferguson* v. *Smazer,* 151 Conn. 226, 227 n.1." "It has long been the settled law of the state that our statutory bastardy proceedings are civil and not criminal in their nature and that the general rules respecting civil cases are applicable to them." *Stroman* v. *Gilbert,* 2 Conn. Cir. Ct. 179, 180; 10 Am. Jur. 2d, Bastards, § 75; 10 C.J.S., Bastards, § 32 (a). We pointed out in *Fulmore* v. *Deveaux,* supra, 556, that the purpose of the 1965 act was "'to convert bastardy proceedings to a wholly civil action in the form of a rule to show cause.' S.B. 105, 1965 Sess. (statement of purpose); 11 S. Proc., 1965 Sess., pt. 6, p. 2237."

The record in this case discloses that no finding was requested and none was made. Practice Book §§ 979, 980. Nor did the court formulate its memorandum of decision in the form of a finding of facts. See Practice Book § 993; *Metropolitan Life Ins. Co. v. Smith*, 3 Conn. Cir. Ct. 169; *State v. Cohn*, 24 Conn. Sup. 232, 235, 1 Conn. Cir. Ct. 520, 523; *McCulley v. Marino*, 24 Conn. Sup. 229, 230, 1 Conn. Cir. Ct. 517, 518. In a civil action such as this, inclusion of the whole transcript in the record is improper and imposes an intolerable burden on the appellate court. See James, Civil Procedure § 11.3, p. 525. Thus, on the state of the record as presented to us and in the absence of a finding of facts and of anything on which error could be assigned, we have no alternative but to affirm the judgment.

There is no error.

In this opinion PRUYN and KOSICKI, Js., concurred.