## Duane Crawley *v.* John D. Brown

### Appellate Division of the Circuit Court

File No. CV 14-656-17349

Argued May 16—decided September 15, 1967

*L. Paul Sullivan,* of Hartford, for the appellant (defendant).

*Harold M. Mulvey,* attorney general, and *Francis J. MacGregor,* assistant attorney general, for the appellee (plaintiff).

Pruyn, J. The defendant has appealed from the judgment for the plaintiff after a trial to the jury and has assigned as error the trial court's overruling of his plea in abatement; its denial of his

motions to erase, for permission to file a special defense of the Statute of Limitations, and for a voir dire; and its charge to the jury.

We shall first consider the action of the court in overruling the defendant's plea in abatement. The plea states three grounds: (1) failure of the sheriff to arrest the body of the defendant and bring him to court; (2) defective civil process because there is no return date and the writ, summons and complaint lack necessary formalities; and (3) applicability of the Statute of Limitations. To this plea the plaintiff demurred. The Statute of Limitations is a matter of defense and not a ground of abatement. From the record, it appears that the warrant commanded the sheriff "to arrest the body of the above named John D. Brown, and him forthwith bring before the Circuit Court . . . ." The return of the sheriff shows that he was unable to locate the defendant and that he made service of the complaint and warrant by leaving a copy at the defendant's usual place of abode. A bastardy action is a civil action and, there being no special provision for service in the bastardy statute, the usual methods for service of civil process apply. *Pelak* v. *Karpa,* 146 Conn. 370, 372; *Copes* v. *Malacarne,* 118 Conn. 304, 305. The procedures in a bastardy action were, at the time of the institution of this action in June, 1965, quasi criminal in nature, including arrest, plea of guilty or not guilty, bind-over, etc., as provided in § 52-435 of the General Statutes. *Stroman* v. *Gilbert,* 2 Conn. Cir. Ct. 179, 180. This section was repealed effective July 1, 1965, and the enactment of § 52-435a in its place converted a bastardy proceeding into a wholly civil action, completely changing the procedures. *Fulmore* v. *Deveaux,* 3 Conn. Cir. Ct. 553. Nor does the absence of a return date in the warrant invalidate the process. The warrant required appearance "forthwith," in accordance with

the form in the 1963 Practice Book (Form 810). In his brief on this appeal, the defendant argues that the fact that the warrant was issued by the Circuit Court and not by a commissioner of the Superior Court is a fatal defect. As this was not a ground set forth in the plea in abatement, we need not consider it, but in any event it has no merit, for § 52-435, as amended by Public Acts 1963, No. 602 § 1, in force at the time of the commencement of this action, required the issuance of the warrant by the Circuit Court. What we have said applies also to the defendant's motion to erase, which was made on the same grounds. The court did not err in over-ruling the plea in abatement or in denying the motion to erase.

We next consider the assignment of error in the denial by the court of the defendant's motion for leave to file a special defense of the Statute of Limitations. This motion was made at the commencement of the trial and denied as not being seasonably made. The defendant mentioned the Statute of Limitations in his plea in abatement but did not plead it in his answer. We see nothing in the record to indicate any abuse of discretion in the action of the trial court in denying this motion.

The next assignment of error has to do with the denial to the defendant of a voir dire examination of prospective jurors. The defendant made a motion for a voir dire after both the plaintiff and the defendant had made opening statements to the jury panel. These statements identified the attorneys, the parties, the witnesses, and the nature of the action and asked that if any members of the panel felt that they could not render an impartial verdict they should make that fact known to the court. At the time that the defendant's motion was made and denied, the questionnaires were not available, the clerk not having picked them up from the individual

members of the panel, which was a new panel. After the opening statements and a further statement by the court to the panel, the court asked the panel to retire to the jury assembly room for the drawing of a jury of six. Then the defendant moved for leave to file his defense of the Statute of Limitations, which was denied, followed by his motion for a voir dire. Upon its denial and the defendant's exception thereto, the court ordered the clerk to draw names. At this point it was brought to the court's attention that the questionnaires were in the hands of the members of the panel. The court thereupon ordered a recess and during the recess the clerk produced the questionnaires. After the recess the names of prospective jurors were drawn, resulting in the selection of six jurors acceptable to both the plaintiff and the defendant. The court found that the defendant waived his rights to a voir dire by not requesting it at the proper time and that in making its ruling the court exercised its discretion as to the time and the necessity for a voir dire.

Voir dire examinations of prospective jurors are governed by § 51-240 of the General Statutes, the pertinent provisions of which are as follows: "In any civil or criminal action tried before a jury, either party may examine each juror as to his qualifications to sit as a juror in such action, or as to his interest, if any, in the subject matter of such action, or as to his relations with the parties thereto; . . . ." "Under this statute, any party to a jury case had an absolute right to examine prospective jurors on the voir dire. The information elicited by such an examination serves a twofold purpose. In the first place, it permits the court to determine whether a venireman is qualified to act as a juror, and, in the second place, it aids each party in exercising his right to peremptory challenges." *State* v. *Higgs,* 143 Conn. 138, 141. The ruling of the court

that it had discretion as to the necessity for a voir dire was erroneous, and the basic question before us is whether the court erred in its conclusion that the defendant had waived his right to a voir dire. *Zalewski* v. *Waterbury Mfg. Co.*, 89 Conn. 46, 47. The facts as shown by the record and the finding as corrected by us show no intentional waiver; the opening statements were merely routine and did not touch on the qualifications of the jurors or any possible prejudice; the questionnaires were not available; the motion for a voir dire was seasonably made, before the drawing of the jury, and the defendant excepted to the adverse ruling of the court, though not required to in order to preserve his rights on appeal. The fact that a jury was drawn "acceptable" to the defendant does not indicate a waiver; he had to accept the court's ruling and proceed with the trial, in the expectation of assigning the ruling as error. *State* v. *Higgs*, supra, 145. We conclude that there was no waiver and that the defendant was entitled as a matter of right to a voir dire.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion JACOBS, J., concurred.[1]

---

[1] This appeal was argued on May 16, 1967, before an appellate panel consisting of *Pruyn*, *Jacobs* and *Levine*, *Js.* Prior to the rendition of this decision, *Levine, J.*, was elevated to the Court of Common Pleas. The parties have stipulated that this appeal be decided by the two remaining judges of the panel, *Pruyn* and *Jacobs, Js.*