SEABOARD FINANCE COMPANY OF CONNECTICUT, INC.
*v.* MANUEL SALVADOR ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 6-667-26082

Argued July 29—decided September 20, 1968

*Andrew G. Schrader,* of Norwich, for the appellant (defendant).

*Sid M. Miller,* of Hamden, for the appellee (plaintiff).

JACOBS, J. The record in this case disclosed that the plaintiff obtained a judgment against the defendants on September 30, 1966 for $791.08 and costs taxed at $25. No appeal was taken from the judgment. On April 24, 1968, the named defendant filed an application in the Circuit Court for perpetual stay of execution upon the ground that "judgment was entered against the [named] defendant during the pendency of [the] bankruptcy proceedings, in which proceedings the plaintiff was duly listed as creditor, and the [named] defendant was subsequently discharged in bankruptcy, said discharge including the debt which is the subject of this action." A certified copy of the order of discharge was attached to the application. On May 19, 1968, the court denied the application upon the authority of *Associates Discount Corporation* v. *Burns,* 2 Conn. Cir. Ct. 386.

We are not concerned upon this appeal with the question whether the court was justified upon such

facts as were before it in denying the application, a question which we could not review in the absence of a finding. It would have been desirable, under our practice, that the court make a finding of the facts upon which it based its opinion. See *Esposito* v. *Schille,* 131 Conn. 449, 455. On the limited record before us, we have no way of knowing whether the defendant duly scheduled the plaintiff's claim in the bankruptcy proceedings in time for proof and allowance, as required by the Bankruptcy Act § 17a (3). 30 Stat. 550, 11 U.S.C. § 35 (a) (3); see *Jenkins* v. *Bishop Apartments, Inc.,* 144 Conn. 389, 392; *United States* v. *Kassan,* 208 F. Sup. 858, 860; *Wilder* v. *Baker,* 147 Colo. 92, 95; 8 Remington, Bankruptcy (6th Ed.) § 3347, p. 221; 8B C.J.S., Bankruptcy, § 577 (1). We point out that "[t]he requirement of duly scheduling the names and residences of creditors is a most important one, and has been strictly interpreted by the courts." 1 Collier, Bankruptcy (14th Ed.) ¶ 17.23 [1], p. 1678.

In the absence of a finding of facts, "an appellate tribunal cannot, with fairness to the rights of the parties, assume a finding of facts as made by the tribunal under review when there is no finding of record of the tribunal of these facts." *Hartz* v. *Hartford Faience Co.,* 90 Conn. 539, 541. Without a finding, "we have nothing upon which to predicate a decision." *Munson* v. *Atwood,* 108 Conn. 285, 289.

The appeal is dismissed.

In this opinion KOSICKI and MACDONALD, Js., concurred.