ANN VEREEN *v.* CHARLES ROTH

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 2-6810-64190

Argued March 24—decided April 18, 1969

*Thomas F. Seymour,* of Bridgeport, for the appellant (defendant).

*Robert K. Killian,* attorney general, and *Edmund F. Walsh,* assistant attorney general, for the appellee (plaintiff).

JACOBS, J. After a nonjury trial, the court found the defendant guilty as charged and adjudged him the father of the child of the plaintiff, born to her on February 7, 1968. The court made an order directing the defendant to pay the sum of $1273.14, being the total amount of the lying-in expenses and support and maintenance of the child to the date of the judgment, and an attorney's fee of $250; and he was also ordered to pay the sum of $10 a week for "current support . . . , all payments to be made through [the] Family Relations Division of the Circuit Court at Bridgeport."[2] The sole question raised on appeal is whether the court improperly disallowed a claimed credit of $210 in favor of the defendant.

---

[2] Ordinarily, "[u]pon a finding of guilty [in paternity proceedings], the amount and duration of the order for the support of the child is a matter within the sound discretion of the court. Unless that discretion is abused, the conclusion of the court will not be disturbed." *Turner* v. *Richardson,* 147 Conn. 423, 426. Here, however, the judgment discloses that no provision was made for the duration of the order, although § 52-442 of the General Statutes specifically provides that "[i]f the defendant is found guilty, the court shall order him to stand charged with the support and maintenance of such child . . . until the child attains the age of eighteen years". See 10 Am. Jur. 2d 896 n.2, Bastards, § 68. The statutory requirement providing for duration of the order was not followed in this case. See *Ferguson* v. *Smazer,* 151 Conn. 226, 227 n.1; Practice Book, Form 785. "While ordinarily questions not raised at the trial will not be

The point in controversy does not depend for its solution on any principle of common law or statutory construction but on a rule of practice which has long been established in this state. In *Underhill* v. *Bennett,* 4 Conn. Cir. Ct. 443, 444, we said: " 'It has long been the settled law of the state that our statutory bastardy proceedings are civil and not criminal in their nature and that the general rules respecting civil cases are applicable to them.' " See *Pelak* v. *Karpa,* 146 Conn. 370, 372; *Hamden* v. *Collins,* 85 Conn. 327, 330. As was pointed out in the *Underhill* case (p. 445): "The record in this case discloses that no finding was requested and none was made." Nor did the court in the instant case formulate a memorandum of decision in the form of a finding. Practice Book § 993. Moreover, "[i]n a civil action such as this, inclusion of the whole transcript in the record is improper and imposes an intolerable burden on the appellate court." *Underhill* v. *Bennett,* supra. "In the absence of a finding of facts, 'an appellate tribunal cannot, with fairness to the rights of the parties, assume a finding of facts as made by the tribunal under review when there is no finding of record of the tribunal of these facts.' *Hartz* v. *Hartford Faience Co.,* 90 Conn. 539, 541. Without a finding, 'we have nothing upon which to predicate a decision.' *Munson* v. *Atwood,* 108 Conn. 285, 289." *Seaboard Finance Co. of Connecticut, Inc.* v. *Salvador,* 5 Conn. Cir. Ct. 323, 325.

There is no error.

In this opinion DEARINGTON and DICENZO, Js., concurred.

---

considered on appeal, an exception is made when a pertinent statute has been overlooked." *Campbell* v. *Rockefeller,* 134 Conn. 585, 588; see *Scott* v. *Furrow,* 141 Conn. 113, 121 n.1; Maltbie, Conn. App. Proc. § 309. We suggest that the judgment be modified to conform with the provisions of § 52-442.