282

STATE OF CONNECTICUT *v.* ONE RED M. G. CONVERTIBLE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 2-35170

Argued January 12—decided February 20—motion to reargue
heard May 11—motion decided June 12, 1970

*Richard A. Bieder,* with whom, on the brief, was *Theodore I. Koskoff,* both of Bridgeport, for the appellants (defendants Eric N. Person et al.).

*John J. Kelly,* assistant chief prosecuting attorney, for the appellee (state).

JACOBS, J. It is undisputed that on September 23, 1968, Eric Norman Person, defendant in the present proceedings, was convicted in the Circuit Court in

the second circuit of the crime of usury (loan shark-
ing) in violation of § 37-4 of the General Statutes,[1]
as a consequence of which he was subject to the
penalties provided for under § 37-7.[2]   On May 22,
1968, the state had instituted this proceeding in rem
by summoning Eric Norman Person, described in the
summons as the owner of the automobile in question,
"and all others to whom it may concern" to appear
before the Circuit Court to be held at Bridgeport on
May 29, 1968, then and there to show cause why
property, being a "1967 Midget M.G. Sport Convert-
ible, color red, Conn. Reg. 821-604", which was
allegedly seized on May 22, 1968, at 6 p.m., at
6 Bloomfield Drive, in Fairfield, for a violation of
§ 37-4, "should not be adjudged a nuisance and or-
dered to be destroyed, or otherwise disposed of as
by law provided."   See § 54-33g.   The record shows
that Eric Norman Person and the State National
Bank, a party claiming an interest in the property,
each formally appeared in the proceeding by
separate counsel.

On January 21, 1969, after a hearing at which all
interested parties were present and were heard on
the merits, the automobile was adjudged "a nuisance
and was ordered to be disposed of by being turned
over to the Bridgeport Police."   On January 31, 1969,
the defendants appealed from the judgment.   No

---

[1] "Sec. 37-4.   LOANS AT GREATER RATE THAN TWELVE PER CENT
PROHIBITED.   No person and no firm or corporation or agent thereof,
other than a pawnbroker as provided in section 21-44, shall, as guar-
antor or otherwise, directly or indirectly, loan money to any person
and, directly or indirectly, charge, demand, accept or make any
agreement to receive therefor interest at a rate greater than twelve
per cent per annum."

[2] "Sec. 37-7.   PENALTY.   Any person who, individually, or as a
member of any firm, or as an officer of any corporation, or as an agent
of any firm or corporation, violates any provision of section 37-4, . . .
shall be fined not more than one thousand dollars or imprisoned not
more than six months or both."   See *State* v. *Griffith,* 83 Conn. 1, aff'd,
218 U.S. 563.

finding was requested and none was made. See Practice Book §§ 979,[3] 980. In the circumstances of this case, "[a]n objection to the form of a citation comes very late from a party, after he has appeared, been heard, [and] appealed the case to the . . . [Appellate Division]." *State* v. *Brennan's Liquors,* 25 Conn. 277, 285. Moreover, "[t]he detailed procedure above outlined furnishes ample protection to all parties in interest and deprives no one of his property without due process of law." *Pickett* v. *Marcucci's Liquors and Containers,* 112 Conn. 169, 179.

The first question to be determined is how far this court, upon this record, may consider the alleged errors.

Section 54-33g of the General Statutes "is not a criminal statute, but provides for a civil action *in rem* for the condemnation and forfeiture of the car which was used in violation of the law." *Alcorn* v. *Alexandrovicz,* 112 Conn. 618, 623; see *Pickett* v. *Marcucci's Liquors and Containers,* supra, 180; *State* v. *One 1960 Mercury Station Wagon,* 5 Conn. Cir. Ct. 1, 6; *State* v. *Rosarbo,* 2 Conn. Cir. Ct. 399, 402; *Aponte* v. *Rivera,* 2 Conn. Cir. Ct. 337, 342; 37 C.J.S. 15, Forfeitures, § 5(e). "In a civil action such as this, inclusion of the whole transcript in the record is improper and imposes an intolerable burden on the appellate court." *Underhill* v. *Bennett,* 4 Conn. Cir. Ct. 443, 445; see *Vereen* v. *Roth,* 5 Conn. Cir. Ct. 484, 486. "The appellate court is not to make its own investigation but is limited to examining what hap-

---

[3] Effective July 1, 1969, Practice Book § 979 (Statement Requiring Finding) was repealed and the following was substituted: "Sec. 979. —REQUEST FOR FINDING; DRAFT FINDING. If the appellant desires to have reviewed the court's conclusions upon the facts, he shall add to his appeal a statement to that effect and annex thereto a draft of such findings. If such a statement and draft finding are not so filed, the appellant shall be deemed to have waived his right to a finding."

pened in the trial court to see whether error was committed. To do this it must have a record of what happened. . . . [T]he burden is on appellant to see that it includes enough to show that a challenged ruling was made and was erroneous." James, Civil Procedure § 11.3, p. 524.

Since the record in this case contains no stipulation signed by the parties or their attorneys,[4] nor any finding of facts,[5] nor anything else on which error can be assigned, the judgment below must be presumed to be correct. As there is no question open to reexamination on this fragmentary record, it must follow that the judgment below must be affirmed.[6]

There is no error.

In this opinion KOSICKI and CASALE, Js., concurred.

---

[4] The parties agreed upon an "agreed statement of facts" in *Alcorn* v. *Alexandrovicz*, 112 Conn. 618. 390 Rec. & Briefs, back of p. 3.

[5] The trial court made a finding of facts in *Pickett* v. *Marcucci's Liquors and Containers*, 112 Conn. 169. 382 Rec. & Briefs, back of p. 1595.

[6] MEMORANDUM ON MOTION TO REARGUE

*Richard A. Bieder*, of Bridgeport, for the appellants (defendants).

*John F. Mulcahy, Jr.*, deputy chief prosecutor, for the appellee (state).

PER CURIAM. This case was argued before this court on January 12, 1970; on February 20, 1970, in affirming the judgment, we said: "As there is no question open to reexamination on this fragmentary record, it must follow that the judgment below must be affirmed." On March 9, 1970, the parties filed a motion to reargue on the grounds that (1) "[t]hrough technical error, the facts stipulated to by all parties and the trial court were not included in the record on appeal"; (2) "[s]uch stipulation will be available for this court on reargument"; and (3) "[t]he determination of the issues of this case is of major importance to the dispensing of justice in the State of Connecticut." We ordered a hearing on the motion at a session of this court held on May 11, 1970. The parties attempted by means of a "Finding of Facts by Trial Court Stipulated to by Appellant and Appellee," which they have asked us to accept, to allow reconsideration of the appeal. The proposed stipulation of facts is a paper signed after trial and after our affirmance of the judgment and was intended to take the place and serve the purpose of a finding. In spite of the deficiencies which have plagued this record from the very start

(and this is by no means "record worship"), we have examined the stipulation submitted by the parties. We take note of a paragraph which recites: "The State National Bank of Connecticut and Eric Norman Person each appeared formally through counsel, at the . . . 'in rem hearing.'" Thus, as we point out in our opinion, "all interested parties were present [at the in rem hearing] and were heard on the merits."

We remain convinced that we were correct in our original opinion; accordingly, we adhere to our original opinion.

KOSICKI, CASALE and JACOBS, Js., participated in this decision.