DOLORES WILLIAMS *v.* GARRIET COOPER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 2-692-66623

Argued June 8—decided November 13, 1970

*Thomas F. Seymour,* of Bridgeport, for the appellant (defendant).

*Joseph Mirsky,* of Bridgeport, for the appellee (plaintiff).

JACOBS, J. This action, under General Statutes § 52-435a, was instituted to determine the paternity of an illegitimate female child born to the com-

plainant on August 11, 1968. After a nonjury trial,[1] the court found for the plaintiff, adjudged the defendant the father of the child, and made an order directing the defendant to pay the sum of $1678.74, being the total amount of the lying-in expenses and accrued maintenance, and a reasonable attorney's fee, fixed at $250; and he was further ordered to pay the sum of $18 a week toward current support and $5 a week on the arrearage—all payments to be made to the family relations division of the Circuit Court.[2]

This case comes to the court on appeal from the judgment because of a claimed violation of a constitutional right in compelling the defendant, against his objection, to be a witness against himself.

The trial court ruled that the defendant's testimony was compellable on the ground that "[t]his being a civil case, it is difficult to see how his testimony could incriminate him as his answers were to be used within the framework of the instant hearing."

Whatever may have been the original limits of the privilege against self-incrimination, it is now settled that "[i]n any case, the *form of the proceeding* is not decisive . . . . In a civil case, it often happens that a main part of the issue concerns *conduct which is also criminal;* but the privilege protects nevertheless"; this is so even though the

---

[1] We are again compelled to point out that the record fails to disclose whether the defendant entered a plea of guilty or not guilty to the petition. See Practice Book, Form 812; *Ferguson* v. *Smazer,* 151 Conn. 226, 227 n.1; *Pouncey* v. *Carraway,* 5 Conn. Cir. Ct. 571, 578 n.1; *Fulmore* v. *Deveaux,* 3 Conn. Cir. Ct. 553, 554 n.2; note, 94 A.L.R.2d 1128. The sole question in a paternity proceeding is whether the defendant is guilty or not guilty.

[2] The judgment is defective in that it makes no provision for the duration of the order, although § 52-442 of the General Statutes specifically provides that "[i]f the defendant is found guilty, the court shall order him to stand charged with the support and maintenance of such child . . . until the child attains the age of eighteen years." See *Vereen* v. *Roth,* 5 Conn. Cir. Ct. 484, 485 n.2.

application of the principle "causes hardship to civil parties who are in no wise interested in the criminal aspect of their opponents' conduct and yet are by that circumstance balked of discovery of their civil wrongs; but the doctrine is unquestioned." 8 Wigmore, Evidence (3d Ed.) § 2257, p. 334.

In *Pouncey* v. *Carraway,* 5 Conn. Cir. Ct. 571, 580, we said, in a concurring opinion: "[A]t least as far back as 1859, the privilege against self-incrimination was made applicable to a defendant in a bastardy action. *Norfolk* v. *Gaylord,* 28 Conn. 309, 312; *Malloy* v. *Hogan,* 150 Conn. 220, 223, rev'd on other grounds, 378 U.S. 1." See *Taylor* v. *Mosley,* 87 Ohio L. Abs. 335, 343; *Schneider* v. *State ex rel. Shorf,* 33 Ohio App. 125, 132; 3 Wharton, Criminal Evidence (12th Ed.) § 721, p. 17; note, 147 A.L.R. 255, 275; cf. *State* v. *Jeffrey,* 188 Minn. 476, 479; *State* v. *McKay,* 54 N.D. 801.[3]

Since this determination is dispositive of the appeal, it is unnecessary to discuss or consider the remaining assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion DEARINGTON and KINMONTH, Js., concurred.

---

[3] For good general discussions dealing with the trial of paternity cases, see Holz, "The Trial of a Paternity Case," 50 Marq. L. Rev. 450, 514; Wysong, "The Jurisprudence of Labels—Bastardy as a Case in Point," 39 Neb. L. Rev. 648, 661.