COMSTOCK *against* WEED:

IN ERROR.

THIS was a prosecution upon the statute of *bastardy,* (*tit.* 22.) by the mother of a bastard child, against its father, for the expenses at its birth, and its maintenance while it lived. To the original complaint returned to, and the supplemental complaint filed in, the county court, which were in the usual form, the defendant pleaded not guilty; on which issue was joined to the court. The cause was tried on its merits; and the court rendered judgment as follows : "This court, having fully heard the parties, with their testimony, and by their counsel, do find, that the facts in said original and supplemental complaints alleged, are all true, and that the said *John Comstock* is guilty, in manner and form as is in said original and supplemental bills alleged; and on due examination, do moreover find, that the expenses necessarily incurred and paid by the said *Dorcas B. Weed,* for said child, at its birth, (on the 20th of *May* 1815) and nursing the same until the 20th of *June* 1815, when said child died, have amounted to the sum of 65 dollars; and that of right said *John* ought to pay, therefore, the sum of 40 dollars; and it is thereupon considered by this court, that the said *Dorcas B.* do recover of the said *John* the sum of 40 dollars; and her costs." On a writ of error in the superior court, this judg-

It is sufficient, to support an order for the maintenance of a bastard child, that the court find the defendant guilty of begetting the child, as set forth in the complaint, without expressly adjudging him to be the putative father.

In such order, the court may include an allowance of expenses for the child *at its birth.*

ment was affirmed.   To reverse the judgment of the superior court, the present writ of error was brought.

*Mills* and *Sherman*, for the plaintiff in error, contended, that the judgment complained of was erroneous, 1. Because the original defendant was not thereby *adjudged to be the reputed father* of the child.   Such an adjudication is necessary, to support an order for maintenance, by the words of our statute ; *(tit.* 22. *s.* 1.) and the law is so laid down by one of our most eminent jurists.   *Swift's Evid.* 90.   It is contained in the *English* forms.   1 *Burn's Just.* 204. 11th ed. 189. 13th ed.   And it has been decided to be necessary, by the *English* courts.   *The King* v. *Pitts, Doug.* 662.   1 *Botts' Poor Laws* 503.   The same decision has been had in *Massachusetts,* founded on a statute from which ours was taken. *Commonwealth* v. *Clark,* 2 *Mass. Rep.* 156.

2. Because the defendant was thereby subjected to expenses *at the birth* of the child.   The statute makes him chargeable only " with the *maintenance* thereof."   Now, " maintenance" must refer to a period *subsequent* to the birth.   It has been decided in *Massachusetts,* that the putative father is not chargeable with *lying-in expenses.   Commonwealth* v. *Cole,* 5 *Mass. Rep.* 517.   In *England,* such expenses have, indeed, been allowed ; but there the object is *to relieve the parish.*   It has been decided in this state, that the putative father is not liable for the *funeral* expenses of the child, because they are no part of its *maintenance.*

*Bissell,* for the defendant in error, contended, 1. That the record shews, substantially, an adjudication that the defendant below was the putative father of the child.   The complaint alleges, that the child was *begotten by him ;* and the court find, that this allegation *is true,* and that he *is guilty.*   The fact is found by the court, in the very terms of the issue.   It is not necessary that the judgment should be strictly formal ; nor that it should follow the words of the statute.   *Todd* v. *Potter,* 1 *Day's Ca.* 238.   *Bradley* v. *Clark,* 3 *Day's Ca.* 502. *Clark* v. *Moses, Kirby* 144.   *The King* v. *Thompson,* 2 *Term Rep.* 18.   *Lockwood & al.* v. *Gregory & al.* 4 *Day's Ca.* 407. This judgment is conformable to the precedent established in *Bennett* v. *Hall,* 1 *Conn. Rep.* 417.   Every reasonable in-

tendment is to be made in support of an order of justices. *The King* v. *Clayton*, 3 *East* 58.

2. That *lying-in expenses*, as such, may be allowed under our statute. *Reeve's Domes. Relat.* 278. 280. *Bennett* v. *Hall*, 1 *Conn. Rep.* 417. But if they cannot be, still the question is not raised by this record; for the expenses allowed are *for the child*, and a part of its maintenance.

*Sherman*, in reply, observed, that the exception principally relied on, was, not that the *finding* was insufficient, but that the court rendered no proper *judgment* on that finding. The defendant must not only be found guilty, but the court must adjudge him to be the putative father.

SWIFT, Ch. J. I am of opinion that there is no error in the judgment complained of.

The statute prescribes no form of judgment : a substantial compliance with it is sufficient. It says, that upon the production of certain evidence, the court, notwithstanding the denial of the defendant, shall adjudge him the reputed father of the child. This can only mean, that they shall, from such evidence, find him to be the reputed father. It appears, that the defendant, now plaintiff in error, pleaded *not guilty*; and the court find him to be guilty. This is finding him, and substantially *adjudging* him, to be the reputed father of the child; and is, in substance, a compliance with the statute.

The allowance of expenses *at the birth* of the child cannot be considered as extending beyond *lying-in expenses*. These have always been allowed. Such has been the practical construction of the statute; and it appears to me to be a reasonable one.

HOSMER, J. The objection to the judgment of the court below, that *Comstock* was not adjudged to be the putative father of the child, is quite unfounded. The record shews, that the facts alleged in the complaint are true. This is *adjudging* him to be the father of the child, in the sense which the term " adjudge" imports in the statute.

The law provides, " that he who is accused, by any woman, to be the father of a bastard child, begotten of her body, she continuing constant in such accusation, (being examined up-

New-Haven,
June, 1817.

Comstock
*v.*
Weed.

on oath, and put to the discovery of the truth in the time of her travail) *shall be adjudged the reputed father of such child,* notwithstanding his denial thereof, and shall stand charged with the maintenance thereof, with the assistance of the mother, as the county court in that county in which the child is born, *shall order,"* &c.

The statute prescribes, 1. that there shall be a complaint, or accusation, declaring that the person accused *is the father of the child ;* 2. that the oath of the complainant, and certain other testimony, shall be exhibited ; 3. that on this foundation, the person complained of shall be *adjudged,*—that is, shall be found to be,—the father of the child ; 4. that the court shall make *order,* or render judgment, on the preceding facts. There can exist no reasonable doubt that the word *adjudged* meant nothing more than has been ascribed to it. The words succeeding in the law, " *notwithstanding his denial thereof,"* decisively shew, that the object of the clause was, the facts,—not the adjudication upon fact. Although he denies the facts, yet if they are *adjudged,* or found against him, the court shall *make order,* that is, shall render sentence against him for the maintenance of the child.

The supposition that the law enjoins on the court, explicitly, to adjudicate that the person complained of is the putative father, as the indispensable foundation of a subsequent sentence, is attended with a double absurdity. The statute, in that case, would read in this manner : On the facts having been found, the court shall render judgment against the accused, notwithstanding his denial thereof—that is, of the adjudication. Besides, that the law should prescribe, as an adjudication on preceding facts, which have proved the child to have been begotten by the defendant, that he shall be declared in the judgment to be the putative father, is a ludicrous supposition. Whether the father or not, is, in its nature, a matter of mere fact, which no adjudication can diminish or alter.

I am aware, that the *English* courts require an explicit adjudication, that the person presented is the putative father. *The King* v. *Perkasse,* 1 *Sid.* 363. *The King* v. *Pitts, Doug.* 662. This did not result from any expression used in the statute 18 *Eliz. c.* 3. The later cases are all bottomed on *The King* v. *Perkasse,* expressed in the language of doubt, and in which the point seems to have been little considered.

*New-Haven,*
June, 1817.

Comstock
*v.*
Weed.

To these decisions of the *English* courts, resting on the ground of precedent only, I oppose the immemorial form of decision in our courts. It has never been the practice here to mention in the adjudicative part of the sentence, that the person complained of is the putative father; but this having been found, in terms, or in substance, as a fact, the order has been couched in expressions similar to those used in the present case. The decision cited by counsel in argument from *Massachusetts,* (*The Commonwealth* v. *Clark,* 2 *Mass. Rep.* 156.) is founded on the peculiar phraseology of their statute of bastardy, (*March* 15, 1786,) and is wholly inapposite to this case. A marked distinction is made by their law, between the *finding* and the *adjudication.*

The objection which denounces the allowance of supplies at the birth of the child, is in the face of uniform usage, and a fair construction of the law. *Bennett* v. *Hall,* 1 *Conn. Rep.* 417. Without wresting the statute, in the least degree, they may be considered as embraced in the expression " shall stand charged with the maintenance" of the child. I shall long hesitate before I can believe, that the necessary assistance *at the birth,* so indispensable to the life of the infant, is not *maintaining* the child. As little am I willing to admit, that the law intended to relieve the putative father from a contribution to this necessary expense.

GOULD, J. Of the errors assigned, two only appear to me to require consideration.

As to the allowance of " expenses at the birth,"—by which, it is said, must be understood the *lying-in* expenses,—it cannot be intended, upon this record, that those expenses were not incurred for the preservation or maintenance of the child itself, at the time of its birth. And if such an intendment could be made, it might still require much consideration, whether a practical construction of the statute, built upon long and general usage, ought now to be overturned. But there is no necessity of deciding this point. For the court cannot know, from the language of the record, that any *lying-in* expenses were allowed.

Upon the other point (that the defendant below is not expressly *adjudged* to be the putative father,) it may be remarked, that every reasonable intendment which is necessary to support an order of bastardy, ought to be made :

*New-Haven,*
June, 1817.

Comstock
*v.*
Weed.

though, in the present case, no intendment appears to me necessary. In the proceedings of the *English* quarter-sessions, an express adjudication, that the defendant is the putative father, is, for a substantial reason, indispensable. For, there being in those proceedings, no formal *issue* joined, the " adjudging" of the defendant to be the putative father, is the established and only mode of *finding* the fact; it is found in no other way. The clause, preceding the adjudication, (" whereas, it hath appeared to us, &c. that the said *A. B.* did beget the said bastard child," &c.) is, in form and effect, a mere recital of the examination had, and not in nature of a verdict, or finding. It corresponds, substantially, with that part of a common *postea,* which precedes the insertion of the verdict. Then follows the *adjudication* in question, (" We do, therefore, adjudge the said *A. B.* to be the putative father," &c.,) which is the finding, and the only finding, of the fact; and the subsequent order of filiation is the judgment, or decree.

It is manifest, then, that the reason, why such an adjudication is indispensable in the *English* practice, does not exist in ours. Here, it would be mere, useless, tautology : for, in prosecutions upon our statute of bastardy, there is a regular issue joined, as in actions at common law,—and as, in this case there was, upon the plea of *not guilty.* And as the defendant has, upon this issue, been found guilty; every material allegation in the complaint is, of course, found to be true. Now, one of those allegations is, that the child, " was begotten" by the defendant, which is, surely, to every intent, equivalent to an allegation, that he is the putative father; and it being found true, the defendant is necessarily found to be the putative father.

I think there is nothing in either of the errors assigned.

The other Judges were of the same opinion.

*Judgment affirmed.*