## ANNIE CAMP *vs.* JOHN CARROLL.

Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Under a special enactment (10 Special Laws, pp. 225, 232) conferring the jurisdiction and powers of a justice of the peace in bastardy proceedings upon the borough court of Wallingford, its deputy-judge may administer the oath required to be made to the complaint addressed to said court, and thereupon may sign and issue a warrant for the arrest of the accused.

Chapter 187 of the Public Acts of 1899, limiting the time within which a cause may be placed on the jury docket, applies to bastardy proceedings as well as to other civil actions.

Argued June 14th—decided October 4th, 1900.

COMPLAINT for bastardy, brought to the Borough Court of Wallingford and thence by a binding-over to the Court of Common Pleas in New Haven County, and tried to the court, *Hubbard, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

Camp *v.* Carroll.

*Cornelius J. Danaher*, for the appellant (defendant).

*Oswin H. D. Fowler*, for the appellee (plaintiff).

HAMERSLEY, J. There is no sufficient reason for this appeal. Bastardy proceedings are regulated by Chap. 83 of General Statutes. By a special Act (Special Laws of 1886, pp. 225, 232), the jurisdiction and powers given under the general law to a justice of the peace and a justice court in bastardy suits are vested in the Borough Court of Wallingford and in the judge and deputy-judge thereof. This complaint was originally brought to that court, and its deputy-judge administered the oath required and signed the warrant of arrest, in pursuance of the authority given him by the special Act. The process was therefore valid and the demurrer to the plea in abatement was correctly sustained.

The trial court was justified in denying the defendant's motion for a jury trial, made after issue had been joined to the court and the time for entering the case in the jury docket, as prescribed by Chap. 187 of Public Acts of 1899, had expired, and when the parties with their witnesses were present for the purpose of a trial to the court. It was then too late to withdraw the waiver of a jury trial. The Act of 1899 applies to bastardy proceedings as well as to other civil actions.

The rulings on evidence assigned for error are not open to question.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.