DOROTHY TURNER *v.* FRANK RICHARDSON

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued May 6—decided June 14, 1960

*Ufa E. Guthrie,* for the appellant (defendant).

*Ernest H. Halstedt,* assistant attorney general, with whom were *Richard E. Rapuano* and, on the brief, *Albert L. Coles,* attorney general, for the appellee (plaintiff).

SHEA, J.  In these proceedings, the plaintiff alleged under oath that the defendant was the father of her child.  The complaint also alleged that Dr.

William A. Schear had certified that he had delivered the plaintiff of the child and that a copy of this certificate was attached to the complaint. A birth certificate was, in fact, attached to the complaint, but it was signed by Mary A. Tumillo, M.D. At the time of the trial, the complaint was amended by substituting the name of Dr. Tumillo for Dr. Schear. After a trial to the court, the defendant was found guilty and ordered to pay a weekly sum for the support of the child until the child reaches the age of sixteen. The defendant has appealed from the judgment.

The defendant seeks certain corrections in the finding, but his appendix lends no support to any claim of error which would advantage him. His basic claim is that the warrant of arrest is invalid, and the judgment based on it void, because the statutory provisions concerning the certificate of a reputable physician were not observed. Cum. Sup. 1955, § 3208d (now amended by Public Acts 1959, No. 639, § 3 [General Statutes § 52-435]). The essential facts are as follows: On December 10, 1956, the plaintiff gave birth to a male child at St. Francis Hospital in Hartford. Mary A. Tumillo, who was not then a licensed physician in this state, had professional charge of the mother and attended her at the birth of the child. Mary A. Tumillo became a licensed physician in this state on October 31, 1957. The certificate of the birth of the child required by law was signed by her with the letters "M.D." after her name. Upon these facts, the trial court concluded that the defect or omission in the certificate, if any, was not jurisdictional and that it was too late, after the answer had been filed and trial on the merits begun, to attack the adequacy of the certificate.

The defendant claims that the certificate of a reputable physician is a prerequisite to any official action in a bastardy proceeding by a commissioner of the Superior Court and that such a certificate must be filed with the commissioner before a warrant can be issued. The defendant maintains that the certificate here was fatally deficient and the entire proceedings void. In support of his position he relies on *Hellman* v. *Karp,* 93 Conn. 317, 322, 105 A. 678, where this court held that the certificate of a reputable physician must be filed with the complaint before the authority to which application is made can issue a warrant. That case was decided before the statute (Rev. 1918, § 6006) was amended by chapter 244 of the Public Acts of 1927. The amendment was designed to relax the requirement relating to the certificate. *Brown* v. *Cato,* decided this day. Under the statute in effect at the time of the institution of the present proceedings, the failure to comply with the requirement of a physician's certificate made the process voidable at the instance of the defendant. Ibid. Since the defect in the certificate, if there was one, was merely an irregularity which did not destroy the jurisdiction of the court, the defendant could take advantage of it only by filing a plea in abatement. Ibid.; *Bennett's Appeal,* 79 Conn. 578, 580, 65 A. 946. By failing to do so at the proper time, he waived his right to attack the irregularity. *Brown* v. *Cato,* supra; *Hudson* v. *Roberts,* 104 Conn. 126, 128, 132 A. 404.

The defendant also claims that the court erred in denying his motion for a trial by jury. The motion was not filed within the time required by law. Cum. Sup. 1955, § 3178d (General Statutes § 52-215); *Camp* v. *Carroll,* 73 Conn. 247, 248, 47 A. 122. The defendant seeks a review of two rulings

on evidence. The court did not err in admitting the certified copy of the birth certificate as an exhibit. *Branford Trust Co.* v. *Prudential Ins. Co.,* 102 Conn. 481, 487, 129 A. 379. It is unnecessary to consider the other ruling, since the finding discloses no answer to the question asked of the witness. Maltbie, Conn. App. Proc., p. 181.

Upon a finding of guilty, the amount and duration of the order for the support of the child is a matter within the sound discretion of the court. Unless that discretion is abused, the conclusion of the court will not be disturbed. *Hellman* v. *Karp,* supra, 324. The court did not abuse its discretion in this case.

There is no error.

In this opinion the other judges concurred.