GRACE L. GAFFNEY *v.* JOHN D. SABA

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-687-36819

Argued July 7—decided October 24, 1969

*D. Stephen Gaffney,* of New Britain, for the appellant (defendant).

*Samuel S. Goldstein,* of Hartford, for the appellee (plaintiff).

JACOBS, J.   In this paternity proceeding, the defendant appeared and acknowledged paternity of the child.  The child was born on September 15, 1968, and was immediately placed for adoption.

Under the statute (General Statutes § 52-442), "the court shall ascertain the expense of lying-in and of support and maintenance of the child until the time of rendering judgment, and order him [the

putative father] to pay the amount thereof to the complainant." The lying-in,[2] or childbed, expenses have been construed to mean such expenses "as board, wages, and other charges attendant on nursing the child, and the necessary expenditures at the birth of the child, and even after the birth, which do not extend beyond the period of the sickness consequentially resulting from the act of parturition." *Judson* v. *Blanchard,* 4 Conn. 557, 566. Thus, burial expenses of the child do not fall within " 'the expense of lying-in and of nursing the child.' " *Harty* v. *Malloy,* 67 Conn. 339, 345.[3]

Ordinarily, the ascertainment of the lying-in expenses is a matter within the sound discretion of the court. "Unless that discretion is abused, the conclusion of the court will not be disturbed." *Turner* v. *Richardson,* 147 Conn. 423, 426. In *State ex rel. Raydel* v. *Raible,* 69 Ohio L. Abs. 356, 368, for example, the court held that no prejudicial error was committed in awarding the plaintiff the sum of $1000 for the expenses of pregnancy and childbirth. In the instant case, the court ascertained the lying-in expenses in connection with the birth of the child as totaling $1062.55, as follows: St. Francis Hospital, $407.95; Catholic Family Services, $574 (including the plaintiff's stay at St. Agnes Home, medical care and nursing attendance); clothing, $15; physician's services, $41; laboratory bills, $16; drug bills, $8.60.

The short answer to the claim that the plaintiff is financially able to assist in paying the lying-in expenses is that the liability for lying-in expenses,

[2] "The being in childbed; accouchement." Oxford English Dictionary (1908).

[3] The court said (p. 345): "It may be a matter for regret that the language of the statute is not broad enough to justify this; but we cannot hold that it is." Schatkin, Disputed Paternity Proceedings (4th Ed.) p. 419; 3 Lombard, Massachusetts Practice—Adoption, Illegitimacy and Blood Tests § 363, n.35.

after the paternity of the child is established, is made absolute by statute; it is the obligation of the putative father "to pay the amount thereof to the complainant."

The question raised as to some of the other items may be a close one, but under all the circumstances we think the action of the court was correct.

There is no error.

In this opinion KOSICKI and SICILIAN, Js., concurred.