DORIS C. DONATO *v.* RALPH CORRADO
(8209)

LAVERY, CRETELLA and LANDAU, Js.

Argued June 13—decision released August 14, 1990

*Timothy J. Fitzgerald,* for the appellant (plaintiff).
*Michael J. Melly,* for the appellee (defendant).

CRETELLA, J. The plaintiff who successfully brought this paternity action has appealed challenging the financial award contained in the judgment. She claims that the state trial referee, sitting as the trial court in this case, (1) should have awarded her full prejudgment support and maintenance expenses and the full amount of lying-in expenses, (2) should have granted a support award reflecting the respective financial abilities of the parties, and (3) should have awarded the plaintiff the full amount of her attorney's fees. We reverse as to the first claim only.

The plaintiff claims that once the trial court determined that the defendant is the father of her minor child, it was required to award her prejudgment financial support and the full amount of her lying-in

expenses. The trial court ascertained that the amount of support and maintenance from the time of birth to the date of judgment was $5550 and that the amount of lying-in expenses was $8437.75. The court did not award the plaintiff the full amount of such prejudgment support and lying-in expenses.

General Statutes § 46b-171 provides in relevant part that if the defendant in a paternity suit is found guilty, "the court shall ascertain the expense of lying-in and of support and maintenance of the child until the time of rendering judgment, and *order him to pay the amount thereof* to the complainant . . . ."[1] (Emphasis added.) The defendant's liability for the total lying-in expenses is made absolute by statute. *Gaffney* v. *Saba,* 6 Conn. Cir. 22, 23–24, 262 A.2d 617 (1969).

On the basis of the trial court's findings of facts, as contained in its articulation, we find that the plaintiff is statutorily entitled to the full amount of her lying-in expenses of $8437.75 and prejudgment support expenses of $5550, a total amount of $13,987.75.

The plaintiff also claims that the court's award of continuing child support and attorney's fees is so minimal as to amount to an abuse of discretion. The record reveals no such abuse here. "The support orders entered in this case are well within the limits of reasonable discretion vested in the trial court with respect to such matters." *Cross* v. *Wilson,* 35 Conn. Sup. 628, 639, 403 A.2d 1103 (1978). General Statutes § 46b-171 provides that a successful plaintiff in a paternity action is entitled to an award of reasonable attorney's fees, but the trial court has broad discretion in determin-

---

[1] This statutory provision was subsequently amended by Public Acts 1989, No. 89-360, § 42. This amendment, effective July 1, 1989, does not apply to the present case, which was commenced on November 2, 1988. Legislation is to be applied prospectively, unless there are clear indications to the contrary. *Moore* v. *McNamara,* 201 Conn. 16, 22, 513 A.2d 660 (1986).

ing the amount of attorney's fees that will be allowed under the statute.

The judgment is reversed as to the award of lying-in and prejudgment support and maintenance expenses, and the case is remanded with direction to render judgment as on file except that the award of those expenses shall be modified to an amount of $13,987.75.

In this opinion the other judges concurred.