[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 12, 1990, the jury found that the defendant, Michael Salerno, was the father of a male child, Maxwell, born to the plaintiff on December 17, 1988. The action was duly commenced on April 1, 1989 by the plaintiff filing a verified petition in the appropriate geographical area of the Superior Court pursuant to General Statutes 46b-160.
Thereafter, and in accordance with General Statutes 46b-171, the court held a hearing to fix child support and maintenance and ordered that the defendant pay the plaintiff $50.00 a week. As articulated at the time of the hearing, this amount was based on the defendant's affidavit and testimony that he was without employment or assets. Mr. Salerno claimed that he lived on a boat in the Norwalk harbor and was sustained by the largesse of some of his friends. However, the evidence indicated that the defendant had been a successful businessmen in dress manufacturing earning over $100,000 a year in recent years. Therefore, the amount of $50.00 a week was expressly made contingent on his present employment status and is to be reanalyzed as soon as he procures employment.[1]
At the time of the hearing in October 1990, Public Act 89 360, Sec. 42, had been enacted, which deleted from General Statutes 46b 171 references to the father paying "lying-in" expenses and any obligation to make retroactive payments (". . . support and maintenance of the child until the time of rendering judgment.") The defendant claims the benefit of the amended statute since it had been enacted prior to the entry of judgment of paternity.
The plaintiff, on the other hand, Argues that because she commenced her action in April 1989, she should be entitled to support and maintenance retroactive from the date of judgment back to the child's birth and also for lying-in expenses. See Donato v. Corrado, 22 Conn. App. 583, 585,578 A.2d 161 (1990), which held that support and maintenance is to be ascertained "from the time of birth to the date of judgment."
The issue of the retroactivity of statutes enacted by the legislature has been discussed in a number of cases, including the recent decision of Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 522, 562 A.2d 1100
(1989:). Statutes making substantive changes in the law are prospective only unless the legislature "unequivocally declares that the new legislation is to be given retroactive effect." See also General Statutes 55-3. Since I believe the deletion of retroactivity and of lying-in expenses is substantive in nature, and not merely procedural, the statute should not be construed to be retroactive. Also, the date of judgment should not control the resolution of retroactivity, as I believe the appropriate date is the day when the plaintiff commenced the action, which was several months prior to the July 1, 1989 effective date of the amendment. See Dorato v. Corrado, supra, 585 (footnote 1) ("This amendment . . . does not apply to the present case, which was commenced on November 2, 1988.") At the rate of $50.00 a week from the date of birth to the date of judgment, 91 weeks, retroactive support is ordered in the amount of $4,550. CT Page 685
With respect to the question of lying-in expenses, the defendant claims that because the plaintiff was reimbursed by her health insurance carrier for the great bulk of these expenses, he should be obliged to reimburse-the plaintiff only for actual out-of-pocket expenses.
I disagree because the statute makes no such distinction, and furthermore, if the third-party insurer has a claim against the plaintiff, it can be asserted against her, but I see no reason for the defendant to reap the advantage of the plaintiff's insurance. See Donato v. Corrado, Id., 585 ("The defendant's liability for the total lying-in expenses is male absolute by statute.") Therefore, the plaintiff is awarded the sum of $6,054 consisting of $3,678 for medical expenses, $1,876 for Danbury Hospital, and $500 for pediatric expenses, all of which were documented by the plaintiff at the hearing.
General Statutes 46b-171 also provides for the payment of the mother's reasonable attorney's fees, and plaintiff's counsel submitted an affidavit that legal fees incurred by the plaintiff in connection with this paternity action were in the amount of $7,820. I find this amount to be reasonable, and therefore the defendant is ordered to pay to the plaintiff $4,450 for prejudgment support, $6,054 for lying-in expenses and $7,820 for attorney's fees, a total amount of $18,324.
The defendant is also ordered to provide the plaintiff with a copy of his federal income tax return, including all supporting schedules, not later than May 1 of each year, commencing May 1, 1991, and the defendant is further ordered to inform either plaintiff or her counsel, Attorney T. P. Weldy, in writing as soon as he procures employment, whether full or parttime, permanent or temporary, including the name and address of the employer and the amount of compensation being received.
In addition, the plaintiff is awarded the sum of $504.70 for court costs, which include $250 for an expert witness on the subject of human leukocyte antigen tests, Moore v. McNamara, 201 Conn. 16, 29,513 A.2d 660 (1986), for a grand total of $18,828.70, to be paid by the defendant to the plaintiff within thirty days from this date.
SO ORDERED.
Dated at Stamford, Connecticut this ninth day of January, 1991.
LEWIS, J.