[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came to this court as a paternity action. The parties settled the case after trial and asked that all of the orders that be entered, be entered as final orders without the right of appeal. The court ordered those as final orders and the parties waived their right to appeal on the record.
All issues have been resolved by the parties except two. The issues remaining are whether in a paternity action the court can order the father, (in this case the defendant acknowledged paternity) pursuant to General Statutes 46b-171, to maintain a life insurance policy made payable to the minor child as part of the support order and if so, how much?
General Statutes 46b-171 provides in relevant part as follows:
 If the defendant is found to be the father of the child, the court or family support magistrate shall order him to stand charged with the support and maintenance of such child, with the assistance of the mother if she is financially able, as said court finds, in accordance with the provisions of section 17-82e, 17-295, 17-324, subsection (b) of section 17-578, section 17a-90, 46b-129, 46b-130 or 46b-215 to be reasonably commensurate with the financial ability of the defendant, and to pay a certain sum periodically until the child attains the age of eighteen years; and the court or family support magistrate shall order him to pay the amount thereof to the complainant, or, if a town or the state has paid such expense, to the town or the state, as the case may be, and shall grant execution for the same and costs of suit CT Page 11829 taxed as in other civil actions, together with a reasonable attorney's fee; and may require him to become bound with sufficient surety to perform such orders for support and maintenance.
The issue presented is whether the terms "support and maintenance" as used in the statute encompass an award of a life insurance policy made payable to the minor child.
The predecessors of General Statutes 46b-171 have a long history of liberal construction by the Connecticut Supreme Court. Faraday v. Dube, 175 Conn. 438, 441, 399 A.2d 1262 (1978). See Comstock v. Weed, 2 Conn. 155 (1817); Judson v. Blanchard, 4 Conn. 557
(1823). (both cases held that maintenance includes lying-in expenses.) "The history of judicial interpretation of the Connecticut paternity statutes reflects the propensity of this court to construe liberally the term `maintenance' so as to carry out the underlying purpose of the legislation and assure that the child is well provided for." Faraday v. Dube, supra, 443. "The words `support and maintenance,' as used in [46b-171] must be construed to encompass all expenses necessary to maintain the child in life and health; see Judson v. Blanchard, supra, 567; whatever the court might determine these expenses to be." Faraday v. Dube, supra, 443-44.
In Broaca v. Broaca, 181 Conn. 463, 465, 435 A.2d 1016 (1980), the Connecticut Supreme Court held that in a dissolution action the trial court may order a parent charged with child support to name his child as a beneficiary of a life insurance policy for the maintenance and support of that child in the event of the parent's death prior to the child attaining the age of majority. "Where the order does not extend beyond the child's age of majority, it is a proper method of securing the continued support of the child in the event that the parent dies prior to the child's age of majority." Id.
"It is the long established policy of this state to require a father to support his illegitimate child." Kuser v. Orkis,169 Conn. 66, 71, 362 A.2d 943 (1975). "Under Connecticut law all minor children, whether born in wedlock or out of wedlock, are owed a legal duty of support by their parents. General Statutes 46b-215. This duty of support is enforceable throughout the child's minority. See General Statutes 46b-215." Moore v. McNamara,40 Conn. Sup. 6, 8, 478 A.2d 634 (1984, Jackaway, J.), affirmed,201 Conn. 16, 513 A.2d 660 (1986). In a paternity action "the amount CT Page 11830 and duration of the order for support of the child is a matter within the sound discretion of the court." Turner v. Richardson,147 Conn. 423, 426, 162 A.2d 177 (1960).
All minor children born in wedlock or out of wedlock are entitled to support by their parents. A court in a dissolution action may order a parent charged with child support to name his child as a beneficiary of a life insurance policy. Accordingly, this court may award the same in a paternity action. This is in keeping with the purpose of paternity proceedings which is "to relieve the public of the burden of supporting an illegitimate child and to provide the mother with assistance in carrying out her obligation of support." Kuser v. Orkis, supra, 71, citing State v. Wolfe, 156 Conn. 199, 203, 239 A.2d 509 (1986). Pelak v. Karpa,146 Conn. 370, 372, 151 A.2d 333 (1959). Accordingly, the terms maintenance and support as used in General Statutes 46b-171
includes the award of a life insurance policy made payable to the minor child. It is also noted that in Miller v. Neistat, 6 CTLR 249 (April 6, 1992, Norko, J.), although it was not a disputed issue, the court did order the father to maintain a life insurance policy naming the minor child as the irrevocable beneficiary.
This court makes a factual finding that it is necessary for the proper support and maintenance of the minor child that the father maintain a life insurance policy payable to the child. This court limits the duration of this award until the minor child reaches the age of majority.
Accordingly, the father is to maintain a life insurance policy with the minor child as the beneficiary.
The mother has requested $75,000, the father offered $25,000. The court orders the father to carry $50,000 worth of life insurance.
The insurance is to be part of the father's Mutual Benefit Life Insurance policy. He is ordered to designate his daughter as the irrevocable beneficiary in the sum of $50,000. Proof of that insurance is to be submitted to the mother showing that Izumi Schultheiss, born March 11, 1991 is covered in the sum of $50,000.
KARAZIN, J. CT Page 11831