[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO ACCEPTFACT-FINDER'S REPORT AND DEFENDANT'S OBJECTION THERETO
The plaintiff has moved for acceptance of the fact-finder's report and for entry of judgment. The defendant has objected.
On July 23, 1993, the plaintiff, Lamplighter Electric, Inc. ("Lamplighter"), filed a two count complaint against the defendant, Stanley E. Brown, sounding in breach of contract and unjust enrichment. The complaint alleges that Lamplighter and CT Page 3987 Brown entered into a contract during August or September of 1988 to have Lamplighter install electrical wiring at a premises which Brown was constructing. Lamplighter satisfactorily wired the premises and Brown made an initial payment, but despite Lamplighter's several demands for payment of the balance due, Brown has failed and refused to comply. Lamplighter also alleges that Brown has been unjustly enriched by retaining the benefit of the electrical installation without providing Lamplighter with any remuneration. Lamplighter alleges that it is due $5,595 plus interest as damages for Brown's breach of contract and his unjust retention of the electrical benefits.
On August 23, 1993, Brown filed an answer and special defense generally denying Lamplighter's claims. By way of special defense, Brown alleged that he does not owe the debt in his personal capacity. Rather, Brown argues that the Fox Hill Construction Corporation ("Fox Hill"), of which Brown is the sole shareholder, is the responsible party.
This matter was claimed to the trial list by Lamplighter on August 31, 1993, and tried on March 18, 1994, pursuant to General Statutes, Sec. 52-549n et seq. and Practice Book, Sec. 546D, before a fact-finder, Deborah L. Grover, Esq. During the trial, Lamplighter called its president, Charles Keller, as its only witness. Brown was the only witness for the defense. The only contested issue at the trial was whether Lamplighter dealt with Brown, individually, or Fox Hill during this particular wiring transaction. The fact-finder rendered her finding of facts on July 15, 1994. Therein, based on the disputed evidence, she found that Brown, individually, rather than Fox Hill, owed Lamplighter the unpaid balance of $5,995 on the electrical installation contract.[1]
Thereafter, on July 29, 1994, pursuant to Practice Book, Sec. 546H, Brown filed an objection to the finding of facts accompanied by a transcript of the proceedings. In response, Lamplighter, pursuant to Practice Book, Sec. 546J, filed a motion for acceptance of the fact-finder's report and for entry of judgment. The court (Moraghan, J.) granted Brown's motion in part and remanded the case to the fact-finder, pursuant to Practice Book, Sec. 546J(6), for clarification of her findings. On December 13, 1994, in response to the court's request, the fact-finder filed a supplemental report, essentially reaffirming her July 15, 1994 decision. On December 22, 1994, Brown filed a renewed objection to the findings of fact, arguing that the court CT Page 3988 should reject the fact-finder's report.
"A party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact-finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted." Practice Book, Sec. 546H.
The court's review of a fact-finder's decision is governed by Practice Book, Sec. 546J, which states that "[a]fter review of the finding of facts and hearing on any objections thereto, the court may take the following action: (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate."
This court's determination of the propriety of the fact-finder's decision will be given every reasonable presumption in favor of its correctness. Shaw v. L. A. Socci, Inc.,24 Conn. App. 223, 230, 587 A.2d 427 (1991). Although the fact-finder's conclusions of law are not binding on this court, id., 226 n. 3, the court "may not substitute its [factual] findings for those of the trier of facts." Wilcox Trucking, Inc. v. Mansour Builders,Inc., 20 App. 420, 424, 567 A.2d 1250 (1989), cert. denied,214 Conn. 804, 573 A.2d 318 (1990).
Brown argues that the court should reject the findings of fact, pursuant to Practice Book, Sec. 546J(2)-(4), based on the fact-finder's purportedly erroneous evidentiary rulings and her alleged clearly erroneous understanding of the facts as they relate to the identity of the parties to the wiring contract.[2]
I. EVIDENTIARY RULINGS
Brown argues that the fact-finder erred in failing to allow him to elicit testimony during his cross-examination of Keller CT Page 3989 concerning the alleged prior business dealings between Lamplighter and Fox Hill. Brown attempted to examine Keller concerning a 1986 contract for electrical work between Lamplighter and either Brown or Fox Hill. Brown was attempting to show that the prior relationship between the parties indicated that Lamplighter knew it was dealing with Fox Hill and not Brown concerning this wiring contract. Lamplighter objected to the admission of the 1986 contract and the line of cross-examination and the fact-finder sustained the objection.
During Brown's case-in-chief, however, the very document about which Brown attempted to cross-examine Keller on was admitted by the fact-finder as full exhibit.[3] Therefore, subsequent to the admission of the exhibit and the testimony of Brown, Brown could have called Keller to the stand and examined him on the contents of the 1986 contract and the circumstances surrounding its preparation. See C. Tait J. LaPlante, Connecticut Evidence, Sec. 3.5.11 (2d Ed. 1988 Supp. 1994), citing State v. Carey, 228 Conn. 487, 495-96, 636 A.2d 840
(1994). The failure to make a timely objection or motion to strike waives the objection. Such evidence remains in the record.
Since "[e]videntiary rulings are questions of law"; id., Sec. 3.5.8(b) (2d Ed. 1988); the court is not bound by the rulings of the fact-finder with respect to the admission of the past dealings evidence. Shaw v. L. A. Socci, Inc., supra, 226 n. 3. Generally, "evidence of other transactions between the same parties readily is received when relevant to show the meaning they probably attached to the terms of a contract. Likewise, when the existence of the terms is in doubt, evidence of similar contracts between the same parties is accepted as a vehicle for showing of a custom or continuing course of dealing between them, and as such, as evidence of the terms of the present bargain."[4] 1 C. McCormick, Evidence, Sec. 198 (4th Ed. 1992).
In the present case, however, Brown had an opportunity to examine Keller on the contents of the 1986 contract and the circumstances surrounding its creation had he simply called him as a witness during his own case-in-chief. "Therefore, `[a]s the architect of his own predicament'; Fox v. First Bank, 198 Conn. 34,40-41 n. 3, 501 A.2d 747 (1985); . . . [Brown] cannot now complain" that he was prejudiced by the court's exclusion of the evidence. Christ-Janer v. A.F. Conte Co., 8 Conn. App. 83, 90-91,511 A.2d 1017 (1986). By failing to call Keller in his own case, Brown waived his right to object to the fact-finder's CT Page 3990 failure to allow him to cross-examine Keller on the contents of the 1986 contract for purposes of establishing the course of dealings between the parties. See, e.g., Turner v. Richardson,147 Conn. 423, 425, 162 A.2d 177 (1960) (where a party has an opportunity to cure an error and fails to do so, the right to attack the error is waived).
Therefore, the court finds that Brown waived his objection to the fact-finder's exclusion of the past dealings evidence when he failed to call Keller to the stand in his case and examine him on Lamplighter's alleged prior dealings with Fox Run.
II. FINDINGS OF FACT
In Brown's first objection to the fact-finder's report, he argues that the court found facts that are contrary to the stipulations of the parties. In his second objection he argues that the fact-finder's determination that prior dealings existed between Brown and Lamplighter were clearly erroneous since the contract was between Fox Hill and Lamplighter, not between Lamplighter and Brown, individually. The dispositive factual issue in this case is whether Lamplighter entered into a contract with Brown, individually, or with Fox Hill. The fact-finder determined from the evidence that the agreement was with Brown; therefore she believed individual liability should attach.
The court cannot substitute its findings for those of the fact-finder. Wilcox Trucking, Inc. v. Mansour Builders, Inc.
supra, 423. "[A]ttorney trial referees and factfinders `share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by . . . [this] court.'" Id., 423-24. "In a contract action, findings of fact should be overturned only when they are clearly erroneous." Id., 425. Further, if it appears to the court that there is "nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact-finder and the reasonable inferences that may be drawn therefrom," the fact-finder's determination will stand. Id. A perusal of the transcript and exhibits reveals the following facts which fully support the fact-finder's determination.
Keller dealt individually with Brown on a handshake and submitted the proposal for the electric project directly to Brown. During Keller's negotiations, he never dealt with Fox Hill, only Brown. The work orders on the project were made out to CT Page 3991 Brown. All invoices and bills were sent to Brown. The electrical installation permit was issued to Charles Keller on behalf of Brown. The request for electrical service was presented to CLP on behalf of Brown. The receipt from the Town of Roxbury for the electrical permit was made out to Brown. The prior contract proposal entered into between the parties was originally submitted to Brown.
Although there is contrary evidence, based on the testimony, exhibits and reasonable inferences to be drawn therefrom, it was not clearly erroneous, illogical or unreasonable for the fact-finder to have determined that Lamplighter dealt with Brown in his individual capacity rather than with Fox Hill.
Therefore, the fact-finder's findings of fact are supported by the evidence.
Based on the foregoing, the court overrules Brown's objection to the court's acceptance of the fact-finder's report, and pursuant to Practice Book, Sec. 546J(1) and General Statutes, Sec. 52-549s(a)(1), accepts said report and renders judgment for Lamplighter in the amount of $5,595.
Riefberg, J.