[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR CHILD SUPPORT
This action was instituted by the plaintiff father, seeking to establish paternity, custody, and visitation of the minor child, Marissa, born on August 12, 1996. The father is 20 years old and the mother is 19 years old. The defendant mother moved to dismiss the action on the ground that a father's action to establish paternity must be filed in Probate Court under Section 46b-172a of the General Statutes, and therefore, the Superior Court lacked jurisdiction. The court denied this motion to dismiss. The court concluded that the exigencies of the matter created by the mother's plans to move imminently from the state allowed the court to treat the complaint as a habeas corpus petition; see Weidenbacher v. Duelos, 234 Conn. 51 (1995); and the court further concluded that the court had concurrent jurisdiction with the Probate Court under the provisions of Sections 46b-1(8) and (13) of the General Statutes. After denying the motion to dismiss, the court ordered genetic testing, CT Page 14588 and the results of this testing established that the plaintiff was the minor child's biological father. After a contested hearing, the court issued a temporary visitation order dated August 18, 1998, which the parties adopted on September 1, 1998 as part of an agreement resolving the visitation disputes.
Pending before the court is the motion filed by the mother for current and past child support. The evidence establishes that the father is presently working part time making approximately $48.00 per week. At the time of the hearing on the motion, he had recently taken a test to acquire his high school diploma and he was planning on attending college in January 1999. Based on his part time earnings, he would not be required to pay child support under the child support guidelines. He argues that the child support guidelines should be applied based on his part time earnings because of his age and his anticipated college enrollment. The court rejects this argument and agrees with the mother that the child support should be based on his earning capacity as a deviation criterion under the guidelines. As of the date of the hearing, the father had not graduated from high school, and had neither applied, nor been accepted into college. The court finds that the father's college attendance may be considered as a change of circumstances so that if he actually starts attending college, he may then move to have the support order reviewed. However, the court finds it more appropriate to issue the support orders based on the present circumstances and his earning capacity, rather than on the father's anticipated plans which are somewhat speculative at this time. The court finds that the father has a net earning capacity of approximately $11,000 establishing a child support obligation of $50.00 a week under the guidelines.
In regard to past due support owed by the father, the mother argues that this support should be based on the current support retroactively applied to the child's date of birth, August 12, 1996. The father, on the other hand, argues that there is no statute authorizing a retroactive support order of this nature, and assuming that there is, the allowance of the award is within the court's discretion and should be denied.
The court concludes that the statutory scheme fairly read in its entirety supports the view that in a paternity action filed by a putative father, a court may order the father to pay child support and maintenance expenses that were incurred prior to the filing of the action and the finding of paternity. See C.G.S. CT Page 14589 § 46b-172a (a putative father filing a paternity petition must acknowledge "liability for contribution to the support and education of the child after its birth and for contribution to the pregnancy-related medical expenses of the mother"); C.G.S. § 46b-215 (in a child support proceeding, the court shall have "authority to determine, order and enforce payment of any support due because of neglect or refusal to furnish support prior to the action"); Child Support Guidelines Regs., § 46b-215a-1(2)(C) (defining "arrearage" as including "support due for periods prior to an action to establish a child support order, provided such amounts are based upon the obligor's ability to pay during the prior periods if known or, if not known, on the obligor's current ability to pay if known or, if not known, upon assistance rendered to the obligor's child").
However, contrary to the mother's position, the statute does not mandate a retroactive order of support in the manner as argued by her here, especially when part of her request involves income imputed to the father during this time period. According to the mother, because the father's current support has been calculated to be $50.00 a week, the past due support should be automatically determined by retroactively applying this amount to the date of the child's birth. Certainly, any order requiring a parent to pay support for periods prior to the filing of the action must be based on the parent's ability to pay. See C.G.S. Sec. 46b-215(a) ("support due for periods of time prior to the action shall be based upon the obligor's ability to pay during such prior periods"). However, the court rejects the mother's apparent contention that such past due support must be basedsolely on the father's ability to pay. Stated differently, past due support should be based on the obligor's ability to pay, but must also take into account other relevant factors as well. For example hypothetically, if child support would not have been ordered under the guidelines and the circumstances existing when the child was born, it would be inappropriate to create a past due support arrearage through a subsequent, retroactive order based solely on the present circumstances.
Although the putative father under § 46b-172a must acknowledge liability for contribution to the support of the child, this acknowledgment does not conclusively establish the amount or extent of this liability, nor does it preclude the court from exercising its discretion to determine the appropriateness of a retroactive order based on all the circumstances, including the mother's actual expenses (such as CT Page 14590 pregnancy-related expenses) and the parties' respective incomes, financial resources and abilities. Such considerations are mandated by the child support guidelines regarding the determination of current support obligations, and should not be ignored when determining past due support. See generally, Child Support and Arrearage Guidelines, Preamble, page ii (the income share model of the child support guidelines is "predicated on the concept that the child should receive the same proportion of parental income as he or she would have received if the parents lived together").
In the instant case, the court has received evidence about the father's present and past earnings and earning capacity, but the mother has not provided any evidence about her earnings or earning capacity for this earlier time period. She also has not provided any evidence about the actual support expenses that she has incurred, or the extent to which these expenses were covered by insurance or paid by third-parties. See, e.g., Donato v.Corrado, 22 Conn. App. 583 (1990); Rand v. Duval, Superior Court, judicial district of New London at New London, Docket No. 535304 (May 3, 1996) (16 CONN. L. RPTR. 544). On this record, the imposition of a support arrearage running from the date of the child's birth as sought by the mother is inappropriate. While the father is legally required to assume a fair share of the expenses related to the support of the minor child, the imposition of this obligation should not give an unjust windfall to the mother.
On the basis of the record reviewed in its entirety, the court's current order that the father pay $50.00 a week for child support shall be applied retroactively to the week of September 1, 1998, which is deemed the date of service of the mother's motion for support.
During oral argument, the mother also requested the court to reconsider its decision denying her motion for attorneys fees, arguing that General Statute, § 46b-171 requires the court to award her attorney fees. Although this request for reconsideration was not made in compliance with the Practice Book (see P.B. Sec. 11-12), the court will provide a further articulation of this decision. Because the court determined that its jurisdiction was based on General Statute Sec. 46b-1, the court further determined that attorney fees were recoverable under General Statute § 46b-62 ("In any proceeding seeking relief under [section] . . . 46b-1 . . . the court may order . . . either parent to pay reasonable attorney fees of the CT Page 14591 other in accordance with their respective financial abilities and the criteria set forth in § 46b-82.") The court explained that after consideration of the statutory criteria (see C.G.S., § 46b-82), the court concluded that the mother's motion for attorneys fees should be denied and the parties should bear their own attorneys fees. The mother's reliance on § 46b-171
is inapposite because that statute refers to an award of an attorney fee in an action instituted by the mother to establish paternity. This paternity action was not instituted by the mother, but was instituted by the father. The evidence established that the mother unilaterally severed all contact with the father prior to the child's birth. She discouraged and precluded the father from having any contact with the child. She did not seek to resolve the question about whom the father was, and she intended to relocate out of the state without having this issue resolved or notifying the plaintiff. The length and costs of this litigation were extended extensively by positions asserted by her which were ultimately rejected by the court, particularly the positions she took in her motion to dismiss and her objection to paternity testing. The financial affidavits of the parties do not establish that their earnings or financial resources are so disparate as to warrant an order that the father pay her attorney's fees after consideration of all the appropriate factors.
In conclusion, the motion for child support is granted. The father is ordered to make current child support payments of $50.00 a week. The court further finds that past due child support is owed by the father in an amount of $700.00, as of the week ending December 5, 1998. The court orders this past due amount to be paid in one lump sum within twenty days of this order. This lump sum payment is based on the court's finding that a deviation from the child support arrearage guidelines is warranted based on the equities of the case and the best interests of the child. The father testified that he has money saved specifically for the child's benefit and this money therefore is immediately available to satisfy this past due support.
So Ordered
Dated December 1, 1998
Stevens, J. CT Page 14592